# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### Marshall Division

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, a Wyoming limited liability company | ) ) ) |
| Plaintiff, | ) Case No.: |
| v. | ) ) Judge: |
| LINDA BUTCHER, an individual; HJRM, LLC, a Nevada limited liability company; DGB PARTNER, INC., a Texas corporation; TOBY CLEMENTS, an individual; TOBYCLEMENTS.COM, LLC, a Georgia limited liability company; TRUE MAGIC, LLC, a Nevada limited liability company; MERLIN KAUFFMAN, an individual; LUIGI MARRUSO, an individual; JAANO, LLC, a Nevada limited liability company; RAHUL JAIN, an individual; POWER HOME TECHNOLOGIES, LLC; a North Carolina limited liability company; LOOKOUT, INC., a California corporation; SLICE TECHNOLOGY, INC. F/K/A PROJECT SLICE, INC., a California corporation; STEVE FORTUNA, an individual; ALBERTO ESCARLATE, an individual; LINCOLN BROWN, an individual; SOCIALBON, INC., a Delaware corporation; DEFENDANT FLORIDIAN, LLC, a Florida limited liability company; RICHARD JORDAN, an individual; ANDREW ROSENER, an individual; MOINC-US, a florida entity; ADAM STRONG, an individual; STRONG, INC., an Illinois corporation; TELEPATHY, INC.,  a District of Columbia corporation; NATHANIEL COHEN, an individual; ONIG, LLC, a Washington limited liability company; CHRIS CARLI, an individual; NEWS, LTD, a foreign entity; JOHN MCGREGOR, an individual | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

ALL-PRO FASTENERS, INC., a Texas )
corporation; JRS HOLDINGS, LLC, a Florida )
limited liability company; LOUIS SPAGNUOLO, )
an individual; SYLVIA O'DONOHOE, an )
individual;  VIRTUAL INVESTMENTS, LLC, a )
Connecticut limited liability company; BRIAN )
MCDONALD, an individual; QUINN VEYSEY, )
an individual; GODADDY.COM, LLC, a limited )
liability company; FUJIFILM NORTH )
AMERICAN CORPORATION,  a Colorado )
entity; ELECTRONIC ARTS, INC., a Delaware )
corporation; STATE FARM MUTUAL )
AUTOMOBILE INSURANCE COMPANY, a )
foreign corporation; WORLDWIDE RETAILING, )
LLC, a Colorado limited liability company; )
MEDIA, LLC, a California limited liability; )
HART CUNNINGHAM, an individual; )
TUMULT, INC., a Delaware corporation; )
RADICAL INVESTMENTS MANAGEMENT, )
LLC, a Texas limited liability company; KLEE )
MILLER, an individual; TROV INC., a California )
corporation; SOL PERLSTEIN, an individual; )
STEVE PARMA, an individual; )
DROPCATCH.COM, LLC, a Colorado limited )
liability company; PRIVECO, INC., a Michigan )
corporation; WILLIAM WOLFSON, an )
individual; VIVIAN ROSENTHAL, an individual; )
TIMY LEE, an individual and CBRE Group, Inc., )
a Delaware corporation, )
)
            Defendants. )
)
)
)
)
)
)
)
)
)
)

## **COMPLAINT**

Plaintiff  Associated  Recovery,  LLC,  by  counsel,  alleges  as  follows  for  its

Complaint against Defendants:

NATURE OF THE SUIT

1.　　　This is an action for a declaratory judgment, *inter alia*, seeking a declaration that Plaintiff's property, which was fraudulently converted Vis a Vis a vacated receivership which was a part of a bankruptcy, should be returned to Plaintiff, that any and all interest obtained in the property by every Defendant was done wrongfully, that Plaintiff has a superior right in law and equity and that any purported and/or alleged ownership rights are invalid, null and *void ab initio*.  In addition to the return of its property under Texas law and a removal of cloud on said property via a request to quiet title, Plaintiff also seeks damages under federal and state law for conversion, misappropriation, the Texas Theft Liability Act, unjust enrichment, misappropriation, and violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2.　　　Associated Recovery, LLC ("Associated Recovery" or "Plaintiff") seeks injunctive and other equitable relief as a result of the actions of Defendants, who gained unauthorized control of Plaintiff's and/or Plaintiff's predecessor-in-interest's domain names, causing imminent harm and irreparably injury to Plaintiff.

**PARTIES**

3.　　　Plaintiff is a Limited Liability Company organized and existing under the laws of Wyoming with a principal business address of 1623 Central Avenue, Suite 201, Cheyenne, Wyoming 82001.  Plaintiff lawfully acquired the domain names identified in Exhibit A (the "Subject Domain Names") from the previous registrant of the Subject Domain Names who used the Subject Domain Names to operate e-commerce websites until sometime in 2012 when the Subject Domain Names were wrongfully transferred from the previous registrant.

4.      Plaintiff is the lawful assignee and owner of all rights, title and interest in the Subject Domain Names.

5.      Upon information and belief, Defendant Linda Butcher ("Butcher") is an individual residing in Texas at 544 County Road 4552, Winnsboro, TX, 75494.

6.      On information and belief, Defendant HRJM Business Broker ("HRJM"), a Nevada Limited Liability Company with an address of 544 County Road 4552, Winnsboro, TX, 75494.

7.      Defendants Butcher and/or HRJM gained unauthorized access to and control of Subject Domain Names <uncutdiamonds.com>, <vanart.com>, <designart.com>, <spytoys.com>, <bartenderguide.com>, <icandy.com>, <3dcamera.com>, <illustrated.com>, and <diveshop.com>.

8.      On information and belief, Defendant DGB Partners, Inc. ("DGB") is a Texas corporation with an address of 940 S. Kimball Street #100, Southlake, Texas 76092. Defendant gained unauthorized access to and control of Subject Domain Name <rewards.com>.

9.      Upon information and belief, Defendant Toby Clements ("Clements") is an individual residing at an address of 850 Payden Street, Woodstock, Georgia, 30188. Defendant Clements and Clements LLC gained unauthorized access to and control of Subject Domain Names <apf.com>, <jph.com>, and <gpm.com>.

10.     On information and belief, Defendant tobyclements.com, LLC ("Clements LLC") is a Georgia limited liability company with an address of 850 Payden Street, Woodstock, Georgia, 30188. Defendants Clements and Clements LLC are nonresidents and do not have a regular place of business in Texas or registered agent for service of process.

11.     On information and belief, Defendant True Magic, LLC ("TML") is a Nevada Limited Liability Company with an address of 9229 Sunset Blvd., Suite 820, Los Angeles, California, 90069. Defendant TML is a nonresident and currently has neither a place of business nor a registered agent in Texas. Defendant TML and Defendant Kauffman gained unauthorized access to and control of Subject Domain Names <icy.com>, <buytickets.com>, and <usedguns.com>.

12.     Defendant Merlin Kauffman ("Kauffman") is an individual who conducts business in a systematic and continuous basis within the United States, including the State of Texas and this judicial district, with an address of 9229 Sunset Blvd., Suite 820, Los Angeles, California, 90069. Defendant Kauffman is a nonresident and does not have a regular place of business in Texas or registered agent for service of process.

13.     Defendant Luigi Marruso ("Marruso") is an individual with an address of P.O. Box 103, Asti 14100 AT, Italy. Defendant Marruso gained unauthorized access to and control of Subject Domain Name <entertainmentgroup.com>. Defendant Marruso is a nonresident and does not have a regular place of business in Texas or registered agent for service of process.

14.     Defendant Jaano, LLC ("Jaano") is a Nevada Limited Liability Company with an address of 1517 Hudson Park, Edgewater, New Jersey 07020.

15.     Defendant Rahul Jain ("Jain") is an individual with an address of 375 N Stephanie St Suite 1411, Henderson, NV 89014.

16.     Defendants Jaano and Jain gained unauthorized access to and control of Subject Domain Name <kaam.com>. Defendants Jaano and Jain are nonresidents and do not have a regular place of business in Texas or registered agent for service of process.

17.     On information and belief, Power Home Technologies, LLC ("Power Home") is

a North Carolina with an address of 4905 Green Road, Suite 107A, Raleigh, NC, 27616. Defendant Power Home gained unauthorized access to and control of Subject Domain Name <pht.com>. Defendant Power Home is a nonresident and does not have a regular place of business in Texas or registered agent for service of process.

18.     On information and belief, Defendant Lookout, Inc. ("LI") is a California corporation that conducts business in a systematic and continuous basis within the United States, including the State of Texas and this judicial district, and has an address of Adriel Lares 1 Front St #2700 San Francisco, CA 94107. Defendant is a nonresident, doing business in the State of Texas but currently has neither a place of business nor a registered agent in Texas. Defendant LI gained unauthorized access to and control of Subject Domain Name <lookout.com>.

19.     Defendant Slice Technologies, Inc. F/K/A Project Slice, Inc. ("STI") is a California corporation with an address of 431 Florence Street, Suite 100, Palo Alto, CA 94301. Defendant STI is a nonresident, doing business in Texas currently has neither a place of business nor a registered agent in Texas. Defendant STI gained unauthorized access to and control of Subject Domain Name <slice.com>.

20.     Defendant Steve Fortuna ("Fortuna") is an individual who with an address of 1975 Oakcrest Ave, Roseville, MN, 55113. Defendant STI gained unauthorized access to and control of Subject Domain Names <savetime.com> and <parkinggames.com>. Defendant Fortuna is nonresidenta nonresidenta nonresident and does not have a regular place of business in Texas or registered agent for service of process.

21.     Defendant Alberto Escarlate ("Escarlate") is an individual with an address of 36 East 12th Street, 6th Floor, New York, NY 10003.

22.     Defendant Lincoln Brown ("Brown") is an individual with an address of 325 West Main Street Lexington, KY.

23.     Defendant SocialBon, Inc ("Social") is a Delaware corporation with an address of 325 West Main Street Lexington, KY 40507.

24.     Defendants Escarlate, Brown and Social gained unauthorized access to and control of Subject Domain Name <sojo.com>. Defendants Escarlate, Brown and Social are nonresidents and do not have a regular place of business in Texas or registered agent for service of process.

25.     Upon information and belief, Defendant Floridians, LLC ("Floridians") is a Florida Limited Liability Company with an address of 629 NE 3rd Street, Dania, Florida 33004.

26.     Defendant Richard Jordan, ("Jordan") is an individual with an address of 629 NE 3rd Street, Dania, Florida 33004.

27.     Floridians and Jordan gained unauthorized access to and control of Subject Domain Name <tumult.com>. Defendants Floridians and Jordan are nonresidents and do not have a regular place of business in Texas or registered agent for service of process.

28.     Defendant Andrew Rosener ("Rosener") is an individual with an address of Avenida Central San Felipe, Panama City, Panama, 00000.
Media Options, Inc ("MOINC-US") is, on information and belief, a Panamanian corporation with an address of Avenida Central San Felipe Panama City Panama.

29.     Defendant MOINC-US and Defendant Rosener are nonresidents and do not have a regular place of business in Texas or registered agent for service of process.Upon information and belief, Defendants RosenerMOINC-US gained unauthorized access to and

Page 3 of 21

control of Subject Domain Names <bgi.com>, <businessdegree.com>, <ching.com>,
<efix.com>, <eph.com>, <exchangeratecalculator,com>, <fok.com>, <fxf.com>, <gfa.com>,
<gtf.com>, <hiu.com>, <homelearning.com>, <igm.com>, <kac.com>, <kou.com>,
<lhe.com>, <lmg.com>, <mecc.com>, <nlm.com>, <onlineinsurancequotes.com>,
<sdu.com>, <waterquality.com>, <illustrated.com>, <musicdegree.com>, <vanart.com>, and
<diveshop.com>.

30.     Defendant Adam Strong ("AdamS") is an individual with an address of 3309
Robbins Rd., Springfield, IL, 62704. Defendant is a nonresident and currently has neither a
place of business nor a registered agent in Texas.

31.     Defendant Strong, Inc. ("Strong, Inc.") is an Illinois corporation with an address
of 3309 Robbins Rd., Springfield, IL, 62704. Defendant is a nonresident and currently has
neither a place of business nor a registered agent in Texas.

32.     AdamS and Strong, Inc. gained  unauthorized access to and control of Subject
Domain Names <baldface.com>, <crafty.com>, <gleam.com>, <hone.com>, and
<logostore.com>.

33.     Defendant Telepathy, Inc. ("Telepathy") is District of Columbia corporation with
an address of 3601 Connecticut. Ave., N.W., Suite L-7, Washington, DC, 20009. Defendant
currently has neither a place of business nor a registered agent in Texas.

34.     Defendant Nathaniel Cohen ("Cohen") is an individual with an address of 3601
Connecticut. Ave., N.W., Suite L-7, Washington, DC, 20009. Defendant currently has neither
a place of business nor a registered agent in Texas.

35.      Defendants Telepathy and Cohen are nonresidents and do not have a regular
place of business in Texas or registered agent for service of process. Defendants Telepathy

and/or Cohen gained unauthorized access to and control of Subject Domain Names

<yjx.com>, <vfg.com>, <ycx.com>, <qmh.com>, <xsg.com>, <ygx.com>, <zdp.com>,

<sqg.com>, <ysg.com>, <bgi.com>, <gtf.com>, <hiu.com>, <kac.com>, <lhe.com>,

<lmg.com>, <nlm.com>, <waterquality.com>, <parkinggames.com>, <ajm.com>, <azy.com>,

<cvy.com>, <duv.com>, <ezs.com>, <ezv.com>, <iwf.com>, <jlu.com>, <joj.com>,

<kfj.com>, <khx.com>, <mqn.com>, <ohw.com>, <rne.com>, <rx3.com>, <tgg.com>,

<khx.com>, <mqn.com>, <ohw.com>, <rne.com>, <rx3.com>, <tgg.com>, <tpb.com>,

<tsy.com>, <ugm.com>, <uwj.com>, <vfz.com>, <vgy.com>, <vlu.com>, <vsk.com>,

<wof.com>, <zqi.com>, <zqs.com>, <wff.com>, <bxi.com>, <emv.com>, <iwf.com>,

<okv.com>, <rsv.com>, <tgg.com>, <yqp.com>, and <yqt.com>.

36.     Defendant Onig, LLC ("Onig") is a Washington limited liability company with

an address of 17723 Beach Drive NE, Lake Forest Park, Washington, 98155. Defendant Onig

is a nonresident and currently has neither a place of business nor a registered agent in Texas.

37.     Defendant Chris Carli ("Carli") is an individual with an address of 17723 Beach

Drive NE, Lake Forest Park, Washington, 98155. Defendant Carlis is nonresident and

currently has neither a place of business nor a registered agent in Texas.

38.     Defendants Onig and Carli gained unauthorized access to and control of Subject

Domain Names <collegetextbooks.com>, <cheapsunglasses.com>, and

<bulletproofvest.com>.

39.     Defendant News, LTD  ("NewsLtd") is a Seychelles entity with an address of

225 Peerless Avenue, Gold Coast, QLD 4109, Australia. Defendant NewsLtd is a nonresident

and currently has neither a place of business nor a registered agent in Texas.

40.     Defendant John McGregor ("McGregor") is an individual with an address of 225

Peerless Avenue, Gold Coast, QLD 4109, Australia. Defendant McGregor is a nonresident and does not have a regular place of business in Texas or registered agent for service of process.

41.     Defendants NewsLTD and/or McGregor gained unauthorized access to and control of Subject Domain Names <egyptnews.com>, <lakehavasunews.com>, <newsmoldova.com>, <modestonews.com>, and <chipleynews.com>.

42.     Defendant All-Pro Fasteners, Inc. ("Fasteners") is a Texas Corporation, and has an address of 1916 Peyco Drive N. Arlington, Texas 76001. Defendant Fasteners gained unauthorized access to and control of Subject Domain Names <apf.com>.

43.     Defendant JRS Holdings, LLC ("JRS") is a Florida limited liability company with an address of 411 N. New River Drive, Suite 606, Fort Lauderdale, Florida, 33301. Defendant is a nonresident and currently has neither a place of business nor a registered agent in Texas.

44.     Defendant Louis Spagnuolo ("Spagnuolo") is an individual with an address of 411 N. New River Drive, Suite 606, Fort Lauderdale, Florida, 33301.  Defendant is a nonresident and currently has neither a place of business nor a registered agent in Texas.

45.     Defendant JRS and Spagnuolo gained unauthorized access to and control of Subject Domain Name <womensclothes.com>.

46.     Defendant Sylvia O'Donohoe ("O'Donohoe") is an individual with an address of 62 Grosvenor Square, Rathmines Dublin 6, Ireland. Defendant O'Donohoe gained unauthorized access to and control of Subject Domain Name <ding.com>. Defendant O'Donohoe is a nonresident and does not have a regular place of business or registered agent for service of process in Texas.

47.     Defendant Virtual Investments, LLC ("Virtual") is a Connecticut limited liability

company with an address of 55 Hidden Brook Drive, Southbury, CT. 06488. Defendant

Virtual is a nonresident and currently has neither a place of business nor a registered agent in

Texas.

48.     Defendant Brian McDonald ("McDonald") is an individual with an address of 55

Hidden Brook Drive, Southbury, CT 06488. McDonald is a nonresident and does not have a

regular place of business or registered agent for service of process in Texas.

49.     Defendants Virtual and McDonald gained unauthorized access to and control of

Subject Domain Name <eky.com>.

50.     Defendant Quinn Veysey ("Veysey") is an individual with an address of 2712

Wilshire Boulevard, Santa Monica, California, 90403. Defendant Veysey gained unauthorized

access to and control of Subject Domain Name <johnnieo.com>. Defendant Veysey is a

nonresident and does not have a regular place of business or registered agent for service of

process in Texas.

51.     Defendant GoDaddy.com, LLC ("GoDaddy") is a Delaware limited liability

company with an address of 14455 N Hayden Rd Ste 226. Scottsdale AZ 85260. Defendant

GoDaddy gained unauthorized access to and control of Subject Domain Name <trov.com>.

Defendant GoDaddy is s nonresident and does not have a regular place of business or

registered agent for service of process in Texas.

52.     Upon information and belief, Defendant Whois Privacy Protection Service, Inc.  ("WPPSI") is a Michigan with an address of 15001 Michigan Ave, Ste 200, Dearborn MI, 48126. Defendant is s nonresident and currently has neither a place of business nor a registered agent in Texas.

53.     On information and belief, Defendant Buyers International Group, LLC "Buyers") is a Michigan corporation with an address of 15001 Michigan Ave, Ste 200, Dearborn MI, 48126. Defendant is s nonresident and currently has neither a place of business nor a registered agent in Texas.

54.     WPPSI and Buyers gained unauthorized access to and control of Subject Domain Names <ching.com>.

55.     Defendant Dharshinee Naidu. ("Naidu") is an individual with an address of 174 West 4th Street, Suite 160, New York, NY.  Defendant Naidu gained unauthorized access to and control of Subject Domain Name <uncutdiamonds.com>. Defendant Naidu is s nonresident and does not have a regular place of business or registered agent for service of process in Texas.

56.     Defendant Fujifilm North America Corporation ("Fuji") is a Colorado entity with an address of 200 Summit Lake Drive, Valhalla, NY, 10595. Defendant Fuji gained unauthorized access to and control of Subject Domain Name <designart.com>. Defendant Fuji is s nonresident and does not have a regular place of business or registered agent for service of process in Texas.

57.     Defendant Kate Spade. ("Spade") is an individual with an address of 174 West 4th Street, Suite 160, New York, NY.  Defendant Naidu gained unauthorized access to and control of Subject Domain Name <uncutdiamonds.com>. Defendant Spade is s

nonresident and does not have a regular place of business or registered agent for service of

process in Texas.Defendant Electronic Arts Inc. ("EAI") is a Delaware corporation with

an address of 209 Redwood Shores Parkway, Redwood City, CA, 94065. Defendant is s

nonresident and currently has neither a place of business nor a registered agent in Texas.

58.     Defendant EAI gained unauthorized access to and control of Subject

Domain Name <battlelog.com>.

59.     Defendant State Farm Mutual Automobile Insurance Company ("SFM") is

an insurance company that conducts business in a systematic and continuous basis within

the United States, including the State of Texas and this judicial district, State Farm may be

served with process by and through its registered agent, Corporate Services Company, 211

E. 7th Street, Suite 620, Austin, Texas 78701. Defendant SFM gained unauthorized

access to and control of Subject Domain Name <onlineinsurancequotes.com>.

60.     Defendant Worldwide Retailing, LLC ("WWR") is a Colorado limited

liability company with an address of 2360 Curtis Street, Unit 6, Denver, CO 80205.

Defendant WWR is a nonresident and currently has neither a place of business nor a

registered agent in Texas. Defendant WWR gained unauthorized access to and control of

Subject Domain Name <uyr.com>.

61.     Creation Media, LLC ("Creation") is a California limited liability company

with an address of 206 Rhine Street, San Francisco, CA, 94112. Defendant currently has

neither a place of business nor a registered agent in Texas. Defendant Creation is a

nonresident and gained unauthorized access to and control of Subject Domain Name

<spytoys.com>.

62.     Hart Cunningham ("Cunningham") is an individual with an address of 4400

North Scottsdale Road, Suite 9-735, Scottsdale, AZ 85251. Defendant Cunningham is a

nonresident and does not have a regular place of business or registered agent for service of

process in Texas.Defendant Cunningham gained unauthorized access to and control of

Subject Domain Name <icy.com>.

     63.    On information and belief, Tumult, Inc ("TI") is a Delaware corporation

with an address of 540 Laguna Street, San Francisco, CA 94102. Defendant is currently a

nonresident and currently has neither a place of business nor a registered agent in Texas.

Defendant TI gained unauthorized access to and control of Subject Domain Name

<tumult.com>.

     64.    Radical Investments Management, LLC ("Radical") is a Texas limited

liability company that conducts business in a systematic and continuous basis within the

United States, including the State of Texas and this judicial district, and may be served

through its registered agent at Capitol Corporate Services, Inc. 206 E. 9th Street, Suite

1300, Austin, Texas 78701. Radical gained unauthorized access to and control of Subject

Domain Name <icandy.com>.

     65.    Defendant Klee Miller ("Miller") is an individual with an address of 32

Stuart Road, Newton, MA, 04459. Defendant is a nonresident and currently has neither a

place of business nor a registered agent in Texas.  Miller gained unauthorized access to

and control of Subject Domain Name <exchangeratecalculator.com>.

     66.    Defendant Trov Inc. ("TRI") is a California limited liability company with

an address of 347 Hartz Ave. Danville, CA, 94526. Defendant is a nonresident and

currently has neither a place of business nor a registered agent in Texas. TRI gained

unauthorized access to and control of Subject Domain Name <trov.com>.

67.   Defendant Sol Perlstein ("Perlstein") is an individual with an address of 10185 Collins Ave, Bal Harbour, FL, 33154.  Perlstein is a nonresident and does not have a regular place of business or registered agent for service of process in Texas.

68.   Perlstein gained unauthorized access to and control of Subject Domain Name <efm.com>.

69.   Defendant Steve Parma ("Parma") is an individual with an address of 2409 Becker Ct. Modesto, CA, 95358. Parma is a nonresident and does not have a regular place of business or registered agent for service of process in Texas.

70.   Parma gained unauthorized access to and control of Subject Domain Name <modestonew.com>.

71.   Defendant Dropcatch.com, LLC ("DropCatch") is a Colorado Limited Liability Company with an address of 2635 Walnut Street, Denver, CO 80205. Defendant DropCatch is a nonresident and currently has neither a place of business nor a registered agent in Texas.

72.   DropCatch gained unauthorized access to and control of Subject Domain Name <lakehavasunews.com>.

73.   Defendant PriveCo Inc. ("PriveCo") is a Michigan corporation with an address of 352 Oliver Drive, Troy, MI, 48084. Defendant PriveCo is a nonresident and currently has neither a place of business nor a registered agent in Texas.

74.   PriveCo gained unauthorized access to and control of Subject Domain Name <bulletproofvest.com>.

75.   Defendant William Wolfson ("Wolfson") is an individual with an address of 7805 63rd Ave, E. Puyallup, WA, 98371. Defendant is a nonresident and currently has

neither a place of business nor a registered agent in Texas. Defendant Wolfson gained

unauthorized access to and control of Subject Domain Name <vhj.com>.

76.     Defendant Vivian Rosenthal ("Rosenthal") is an individual with an address

of 54 w 21st St. suite 705, New York, NY 10010. Defendant Rosenthal is a nonresident

and does not have a regular place of business or registered agent for service of process in

Texas.

77.     Defendant Rosenthal gained unauthorized access to and control of Subject

Domain Name <goldrun.com>.

78.     Defendant Timy Lee ("TLee") is an individual with an address of unknown

in China and with an email address of timy@yahoo.cn. Defendant TLee is a nonresident

and does not have a regular place of business or registered agent for service of process in

Texas.

79.     Defendant TLee gained unauthorized access to and control of Subject

Domain Name <taolv.com>.

80.     Defendant CBRE Group, Inc.  ("CBRE") is a Delaware corporation with an

address of 200 Park Ave., Floor 19, New York, NY 10166. CBRE is a nonresident and

does not have a regular place of business or registered agent for service of process in

Texas. Defendant CBRE gained unauthorized access to and control of Subject Domain

Name <ucr.com>.

81.     All Defendants conduct business in a systematic and continuous basis within

the United States, including the State of Texas and this judicial district.

82.     Upon information and belief, based upon the Plaintiff's research and due

diligence, some of the addresses presently listed in the domain name registration records

for  the Defendant domain names are fictitious and do not identify actual addresses.

83.    Upon information and belief, based upon the Plaintiff's research and due diligence, some of the names presently listed as the registrants of the Subject Domain Names are fictitious names or are obfuscated in violation of the policies set forth by the Internet Corporation for Assigned Names and Numbers (ICANN).

## JURISDICTION, VENUE AND JOINDER

84.    This action arises out of Defendants' violation of the Anticybersquatting Consumer Protection Act, 15  U.S.C.  § 1125(d); 15 U.S.C.2 § 1125(a); and other related causes of action arising out of Defendants' willful actions in violation of the laws of the State of Texas.

85.    This Court has original  jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §2201 and 28 U.S.C. §§ 1331 and 1338(a), supplemental jurisdiction under 28 U.S.C. § 1367, and diversity of citizenship under 28 U.S.C. §1332.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

86.    This court has personal jurisdiction over Defendants because Defendants established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice and has committed intentional acts of fraud, conversion, theft, unfair competition and cybersquatting in this judicial district.

87.    In addition, on information and belief, Defendants have derived substantial revenues from their intentional acts and are subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its active websites accessible within the State of Texas and from this District.

88.    Further, the Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) contracting with a Texas resident to perform a contract in Texas, which gives rise to the causes of action herein. (ii) conversion of Plaintiff's property while in Texas (iii)  theft, cybersquatting and unfair trade practices alleged herein; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

89.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a). A primary Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this district.

90.    Joinder of the Defendants and Subject Domain Names is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants and Subject Domain Names.dd

## GENERAL ALLEGATIONS

91.    The Subject Domain Names were originally registered at various times in or around 2000 and 2004 prior to the interests in such domain names being assigned to Plaintiff.

92.    Plaintiff uses, and its predecessors-in-interest used, Internet domain names and e-commerce websites to advertise products f o r  o t h e r s  such as furniture, watches, shoes, computers, groceries, antiques, and eyewear. Plaintiff, via its predecessors in interest, has also used Internet domain names and e-commerce

websites to provide a wide range of services beneficial to the public including, but not limited to: links to other sites, information relating to online searches and other online services in the fields of sports, travel, shopping, politics, retail services, and videos. Plaintiff, and more specifically, its predecessors-in-interest, used the Subject Domain Names in commerce for over 13 years, and had common law rights in the subject marks, reflected in the Subject Domain Names, which, with the associated goodwill, were assigned to the Plaintiff.

93.     The most often used domain names were three-letter and three-number domain names as initialisms and acronyms for its products and services, and as the trademark names of its websites, because such letter and number strings are the subject of frequent Internet searches by consumers and are therefore valuable as e-commerce site names.

94.     Additionally, descriptive and suggestive domain names were used for products and services, and as the trademark names of its websites, which have acquired secondary meaning over the course of their use in commerce.

95.     On or about December 24, 2015, the Subject Domain Names, and their associated trademarks and goodwill, were assigned to Plaintiff.  Included in the assignment was the right for the Plaintiff to sue and to recover possession of the Domain Names and recover damages for past, present and future infringements, dilution, misuse, misappropriation and other violations.

96.     Prior to Defendants' unlawful acquisition of the Subject Domain Names, Plaintiff via its predecessor had common law trademark rights in the marks  identified in Exhibit "A".

## UNLAWFUL TRANSFER AND REGISTRATION
## OF THE SUBJECT DOMAIN NAMES

97.    In November 2010, the Northern District of Texas placed the Subject Domain Names, and other domain names, under the control of a receivership in a case pending in that court bearing Cause No. 3-09-cv-00988. Plaintiff's predecessor-in-interest immediately appealed this order of the Court alleging such action was within the jurisdiction of the Court.

98.    The United States Court of Appeals for the Fifth Circuit issued an opinion and order on December 18, 2012 holding that the District Court lacked subject matter jurisdiction to enter the receivership and, most importantly for the instant case, the order appointing the receivership was vacated.  Additionally, the Fifth Circuit's opinion further required the Northern District of Texas to wind-down the receivership.  The Fifth Circuit issued its mandate on this opinion and order on April 19, 2013.

99.    The judge of the Northern District did not wind-down the receivership until on or about March 1, 2015.

100.    During the pendency of the appeal to the United States Court of Appeals for the Fifth Circuit, the judge presiding over the case in the Northern District issued numerous orders permitting the receivership to sell the Subject Domain Names. ("Domain Sales").  The owners of the domain names were not informed and given no notice which domain names were included in any of the Domain Sales. Further, at the time of the Domain Sales, the owners were not told when the Subject Domain Names were sold or to whom they were sold. Consequently, the Subject Domain Names were fraudulently conveyed in violation of ownership rights, despite the objective indicia

noticing any and all potential transferees that the rights of the receivership to convey

the Subject Domain Names were, at best, spurious.

101.   On or about April 1, 2013, in ruling the receivership vacated for lack of

subject matter jurisdiction, the United States Court of Appeals for the Fifth Circuit

ordered a reversal of the Domain Sales.

102.   On information and belief, based upon the due diligence research of the

Plaintiff, the Domain Sales were enabled by Damon Nelson ("Nelson"), an individual

appointed by the Northern District of Texas to assist the receivership in valuing and

managing the domain name portfolio and who was appointed as "the permanent

Manager."  The owners never authorized any action by Nelson regarding the Domain

Sales.

103.   Upon information and belief, the Defendants (also, the "Transferees")

solicited Nelson, will full knowledge of the vacated receivership and with full

knowledge of Nelson's lack of authority.

104.   Upon information and belief the Transferees were aware of the pending

appeal to the United States Court of Appeals for the Fifth Circuit.

105.   Upon information and belief, the Domain Sales were made without any

purported transfer of goodwill or trademark rights, with an express disclaimer of any

warranties, and with the Transferees' knowledge of a) the owners superior rights in

the Subject Domain Names; b) the lack of authority for transfer of any rights

concerning the Subject Domain Names; c) the appeal pending at the time of the

Domain Sales; 4) that a reversal by the Fifth Circuit Court of Appeals would likely

render any transfer void; and 5) the expectation that legal action would be initiated

against the Transferees to reclaim the property.

106.   Upon information and belief, the Transferees requested that they receive representations and warranties from Nelson regarding the title of the Subject Domain Names and indemnification from any subsequent and that Nelson refused to provide same.

107.   Upon information and belief, the "on the books" consideration given to Nelson, and ultimately placed into back accounts under the control of the receivership, for the Domain Sales was less than approximately 1 % of the value of the Subject Domain Names.

108.   On November 9, 2012, the United States Court of Appeals for the Fifth Circuit enjoined the closing of any sales of Subject Domain Names prior to November 30, 2012.

109.   Upon information and belief, when the Transferees obtained possession and control of the Subject Domain Names, each changed the registrant information and the technical settings for the domain names were changed thereby disabling associated e-commerce websites.

110.   Upon information and belief, the Transferees offered the Subject Domain Names for sale.

111.   Upon information and belief, some of the Transferees did, in fact, sell and/or transfer some of the Subject Domain Names to third parties, who were aware of Plaintiff's superior rights in the Subject Domain Names ("Third Party Transferees").

112.   The registration and use of the Subject Domain Names by the Defendants

is without authorization from Plaintiff.

113.   Upon information and belief and based upon the Plaintiff's due diligence, the Subject Domain Names do not reflect the legal name of the current registrant(s) and/or owners of the domain names.

114.   Upon information and belief most of the current registrants of the Subject Domain Names have not engaged in bona fide noncommercial or fair use of Plaintiff's trademarks in a website accessible under the Subject Domain Names.

115.   Upon information and belief the Transferees and some, if not all, of the Defendants who currently control the Subject Domain Names offered or are offing to sell the Subject Domain Names to third parties for financial gain without having used, or having an intent to use, the domain names in the bona fide offering of any goods or services. Many of the web pages displayed at the Subject Domain Names advertise the domain names for sale.

116.   Many of the Defendant registrants provided material and misleading false contact information in the domain name registrations when changing the registrant for the Subject Domain Names from Novo Point to the current registrant(s).

117.   Many of the Defendants registered multiple domain names which Defendants knew were identical to, and reflective of Plaintiff's common law trademarks.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

118.   Each of the foregoing paragraphs is incorporated by reference.

119.   This Court should declare that:

(a)   Plaintiff is the lawful owner of the Subject Domain Names with the only

right to use, possess and control the Subject Domain Names and Plaintiff is entitled to a Declaration from the Court declaring the same.

(b)   That Defendants do not have any right whatsoever to use, possess or control the Subject Domain Names and Plaintiff is entitled to a Declaration from the Court declaring the same.

120.   An actual and justiciable controversy exists between Defendants and Plaintiff as to who is entitled to use, possess and control the Subject Domain Names and Defendants do not.

## SECOND CLAIM FOR RELIEF
### CONVERSION

121.   Each of the foregoing paragraphs is incorporated by reference.

122.   The Plaintiff is the owner of, and has the sole right to possess, use and control the Subject Domain Names.  Ownership of the Subject Domain Names was merged into a document as reflected in the WHOIS records showing Plaintiff to be the lawful and rightful owner of the Subject Domain Names.

123.   Moreover, based upon information and belief, there were Subject Domain Names that were merged into a document, namely, the contracts for the sale of Subject Domain Names which, by virtue of the merged documents converted the Subject Domain Names to the exclusion of, and inconsistent with, Plaintiff's wishes and ownership rights over the Subject Domain Names.

124.   The Defendants have unlawfully and without authorization converted the Subject Domain Names and are wrongfully exercising dominion and control over the Subject Domain Names, to the exclusion of, and inconsistent with, Plaintiff's wishes and ownership rights over the Subject Domain Names.

125.   Further, the wrongful use, possession and control exercised by Defendants deprive the Plaintiff of the income and business generated from the Subject Domain Names.

126.   Plaintiff has demanded that Defendants return the Subject Domain Names, and Defendants have refused.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE ACPA

127.   Each of the foregoing paragraphs is incorporated by reference.

128.   Plaintiff's trademarks are famous and/or distinctive and were famous and/or distinctive prior to the time control of the Subject Domain Names was transferred away from the Plaintiff's predecessor-in-interest without authorization to the Transferees.

129.   Plaintiff's trademarks are famous and/or distinctive and were famous and/or distinctive prior to the time that the Defendants transferred the Subject Domain Names away from the Plaintiff without authorization and thereby registered the Subject Domain Names.

130.   The aforesaid acts by Defendants constitute registration, trafficking, or use of domain names that are identical to the Plaintiff's trademarks, with bad faith intent to profit therefrom.

131.   Defendants had no rights in the Subject Domain Names.

132.   The aforesaid acts by the registrant(s) of the domain names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(l).

133.   The aforesaid acts have caused, and are causing, great and irreparable

harm to Plaintiff and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § l125(d)(2)(D)(i), (15 U.S.C. § l125(d)(1)(c), for in personam)  the Plaintiff is entitled to an order transferring the Subject Domain Name registrations to the Plaintiff.

134.   Plaintiff is entitled to recover actual and/or statutory damages and attorney's fees and costs.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE TEXAS THEFT LIABILITY ACT**

135.   Each of the foregoing paragraphs is incorporated by reference.

136.   Defendants unlawfully appropriated the Subject Domain Names with the intent to deprive the rightful owner of the property, Plaintiff, without Plaintiff's effective consent.

137.   Defendants brought about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to Defendants or another, or, did acquire or otherwise exercise control over property other than real property.

138.   Defendants acted intentionally with respect to the nature of their conduct as their conscious objective and desire was to effectuate the transfer of the Subject Domain Names to themselves or another in violation of Plaintiff's greater right to possession than Defendants.

139.   Plaintiff is entitled to reasonable and necessary attorney's fees and court costs.

**FIFTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

140.   Each of the foregoing paragraphs is incorporated by reference.

141.    As a result of their intentional wrongful actions, all Defendants were unjustly enriched by the procurement of the Subject Domain Names if they are not disgorged of same.  Without disgorgement, Defendants would be allowed to keep the valuable Subject Domain Names.

142.    Under Texas law, and under fundamental principles of justice and fairness, Plaintiff has suffered pecuniary harm and requests Defendants be ordered to disgorge the unjustly obtained Subject Domain Names.

## SIXTH CLAIM FOR RELIEF
### MISAPPROPRIATION

143.    Each of the foregoing paragraphs is incorporated by reference.

144.    The acquisition of the Subject Domain Names involved extensive time, labor, skill and money which created the trade value Defendants misappropriated in violation of Plaintiff's property right.

145.    Defendants gained a special advantage over Plaintiff because it was not burdened by the development expenses incurred by Plaintiff's predecessors-in-interest.

146.    Defendants have appropriated the trade value of the Subject Domain names at little or no cost and have, in essence, "reaped where they have not sown".

147.    Defendants' actions have injured Plaintiff as Plaintiff is unable to use and exercise control over the Subject Domain Names.

148.    Plaintiff is being harmed through the loss of prospective traffic to his business, loss of income and loss of business and personal emails resulting in loss of prospective business opportunities unless enjoined.

## SEVENTH CLAIM FOR RELIEF

## QUIET TITLE

**149.**   Each of the foregoing paragraphs is incorporated by reference.

**150.**   The ownership of the Subject Domain Names has been clouded by Defendants being listed in as the registrants and owners in the WhoIs database and by Defendants claim to be the owners of the Subject Domain Names.

**151.**   There is a dispute as to legitimate ownership of the Subject Domain Names.

**152.**   Plaintiff is entitled to an order from this Court quieting title to the Subject Domain Names.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that:

1.   Judgment be entered in favor of the Plaintiff on its claims;

2.   That a Declaration that all transfers made by Defendants of the Subject Domain Names are null and *void ab initio*;

3.   This Court declare Plaintiff to be the sole, lawful and rightful owner of the Subject Domain Names;

4.   The Court enter an order directing the Subject Domain Names be promptly transferred to the Plaintiff;

5.   Enter an order that any other domain names registered by the Defendants of the Subject Domain Names that resemble or include the Plaintiffs' trademarks be transferred to the Plaintiff; and

6.   Award the Plaintiff exemplary damages; and

7.   Award the Plaintiff his fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. 1117(a);

and

8.     Lawful interest as allowed by law; and

9.     For such other further relief at law or in equity as the court may

deem proper.

Respectfully submitted,

By:_____

Michael B. Halla, Lead Counsel
THE HALLA LAW FIRM, PLLC
Texas Bar No. 24010082
18383 Preston Rd.
Suite 110
Dallas, Texas 75252
(214) 473.5551
(972) 805.0929 (Facsimile)
Mhalla@hallalawfirm.com

Steven Rinehart (*Application Pending*)
VESTED LAW, PLLC
Registered Patent Attorney
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Office: (888) 941-9933
Mobile: (801) 347-5173
Fax: (801) 665-1292

**ATTORNEYS FOR PLAINTIFF**

## EXHIBIT A

aij.com

ajm.com

mobileactions.com

apf.com

azy.com

baldface.com

bgi.com

bulletproofvest.com

buytickets.com

bxi.com

crafty.com

cvj.com

designart.com

duv.com

efm.com

marvistas.com

emv.com

eph.com

exchangeratecalculator.com

ezs.com

ezv.com

gleam.com

gtf.com

hone.com

icandy.com

igm.com

illustrated.com

iwf.com

jlu.com

johnnieo.com

joj.com

kac.com

funpurple.com

kfj.com

khx.com

lhe.com

northernrealtygroup.coms

lmg.com

logostore.com

lookout.com

modestonews.com

mqn.com

nlm.com
zqi.com
ohw.com
okv.com
onlineinsurancequotes.com
parkinggames.com
pht.com
reservoircapital.com
rewards.com
rne.com
rsv.com
rvm.com
rx3.com
slice.com
sojo.com
tgg.com
tpb.com
trov.com
tsy.com
tumult.com
ugm.com
uncutdiamonds.com
usedguns.com
uwj.com
uyr.com
vfz.com
westernsites.com
vgy.com
vhj.com
vlu.com
vsk.com
waterquality.com
wff.com
wof.com
Entertainmentgroup.com
gfa.com
musicdegree.com
battlelog.com
vanart.com
reservoircapital.com
longestmiles.com
iwf.com
tgg.com and zqs.com