UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
Marshall Division

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, *a Wyoming limited liability company*, | ) ) ) |
| v. | ) Case No. 2:16-cv-00126-JRG-RSP ) |
| LINDA BUTCHER, *an individual*; DBG PARTNERS, INC., *a Texas corporation*; TOBYCLEMENTS.COM, LLC, *a Georgia limited liability company*; TRUE MAGIC, LLC, *a Nevada limited liability company*; JAANO, LLC, *a Nevada limited liability company*; POWER HOME TECHNOLOGIES, LLC, *a North Carolina limited liability company*; LOOKOUT, INC., *a California corporation*; SLICE TECHNOLOGIES, INC. F/K/A PROJECT SLICE, INC., *a California corporation*; STEVE FORTUNA, *an individual*; SOCIALBON, INC., *a Delaware corporation*; FLORIDIANS, LLC, *a Florida limited liability company*; MEDIA OPTIONS, INC., *a foreign entity*; ADAM STRONG, *an individual*; STRONG, INC., *an Illinois corporation*; TELEPATHY, INC., *a District of Columbia corporation*; ONIG, LLC, *a Washington limited liability company*; NEWS LTD, *a foreign entity*; ALL-PRO FASTENERS, INC., *a Texas corporation*; JRS HOLDINGS, LLC, *a Florida limited liability company*; SYLVIA O'DONOHOE, *an individual*; VIRTUAL INVESTMENTS, LLC, *a Connecticut limited liability company*; QUINN VEYSEY, *an individual*; TROV INC., *a California corporation*; BUYERS INTERNATIONAL GROUP, INC., *a Michigan corporation*; DHARSHINEE NAIDU, *an individual*; FUJIFILM NORTH AMERICAN CORPORATION, *a Colorado entity*; KATE SPADE, *an individual*; ELECTRONIC ARTS, INC., *a Delaware corporation*; STATE FARM MUTUAL AUTOMOBILE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| INSURANCE COMPANY, *a foreign corporation*; | ) |
| WORLDWIDE RETAILING, LLC, | ) |
| *a Colorado limited liability company*; | ) |
| CREATION MEDIA, LLC, *a California limited liability*; | ) |
| ALANSIS.COM, INCORPORATED, *an Arizona corporation*; | ) ) |
| TUMULT, INC., *a Delaware corporation*; | ) |
| RADICAL INVESTMENTS MANAGEMENT, LLC, | ) |
| *a Texas limited liability company*; | ) |
| FANTASY SPIN GAME, LLC, *a Massachusetts limited liability company* | ) ) |
| SOL PERLSTEIN, *an individual*; | ) |
| STEVE PARMA, *an individual*; | ) |
| PRIVECO, INC., *a Michigan corporation*; | ) |
|   WILLIAM WOLFSON, *an individual*; | ) |
|   GOLDRUN, INC., *a Massachusetts corporation*; | ) |
|   CBRE Group, Inc., *a Delaware corporation*, and | ) ) |
| JOHN DOES 1–100. | ) |
| - | ) |

## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DGB PARTNERS, INC. AND LINDA BUTCHER MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULES 12(B)(1) and 12(B)(3) AND/OR MOTION TO TRANSVER VENUE UNDER 28 U.S.C. § 104(A)

Defendants DBG Partners. Inc. and Linda Butcher, by counsel, respectfully submits this memorandum of law in support of their Motion to Dismiss Plaintiff's Amended Complaint, or in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas Dallas Divison. As grounds therefor, Defendants state as follows:

2

## BACKGROUND OF THE PREVIOUS SUIT

1.  This case began back in the spring of 2009, as a contractual dispute between Netsphere, Inc., and Jeffrey Baron. As the litigation ensued, one of Baron's companies, Ondova Limited Company, declared bankruptcy automatically staying the district court action. See *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012) (bearing Case No. 3-09-cv-00988).

2.  During this stage of the case, as in earlier proceedings, Baron repeatedly hired and fired his lawyers. The bankruptcy creditors and Ondova eventually agreed to a settlement, but Baron continued to hire new lawyers. Many of the lawyers claimed they had not been paid and began to file claims for legal fees in the bankruptcy proceeding.

3.  As proceedings continued, both the bankruptcy court and the bankruptcy trustee became increasingly concerned over Baron's failure to pay his current or former lawyers.

4.  Eventually, on the recommendation of the bankruptcy court, the district court appointed Peter S. Vogel as receiver over Baron.

5.  Baron appealed the district court's order appointing the receiver.

6.  In **Netsphere v. Baron**, Inc. ("Netsphere I") the 5th Court of Appeals reversed the District Court holding that the district court had "no authority to . . . establish a receivership" in order "to control Baron's hiring, firing, and non-payment of numerous attorneys."

7.  The Court of Appeals then turned to the question of who should bear the costs expended by the improper receivership. The Court held that "precedents establish that equity controls when addressing the costs created by an improper receivership." Because "the record support[ed] that the circumstances that led to the appointment of a receiver were primarily of Baron's own making," the Court ruled that "charging the current receivership fund for reasonable receivership expenses, without allowing any additional assets to be sold, is an

3

equitable solution."

8.  Before the Netsphere I mandate issued, the district court entered several orders approving interim fee applications submitted by the receiver and its counsel. After the mandate issued, and the case was remanded, the district court then entered an order reconsidering the fees it had previously awarded to the receiver, its counsel, and the Ondova bankruptcy trustee. It also authorized new payments to the receiver and to one of its counsel, Dykema Gossett PLLC.

9.  Baron appealed the various Orders entered prior to the Court of Appeals Mandate

10. The Court of Appeals Issued a Dismissal for Want of Jurisdiction on August 14, 2015, concluding that no final order issued to review therefore the appeal must be dismissed.

11. There are no remaining appeals pending in the aforementioned case as they were dismissed for want of prosecution (DKT 1459).

12. It is the aforementioned case to which the Plaintiff causes of action arise from.

13. On 03/27/15 Judge Sam Lindsay issued a Memorandum Opinion and Order (DKT# 1447) that included a provision retaining jurisdiction.

## ARGUMENT

### I. The Amended Complaint Should Be Dismissed or transferred for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a)

14. The Amended Complaint of Plaintiff should be Dismissed or transferred for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) because venue is improper in this district under to 28 U.S.C. § 1391.

15. Venue in this district is not proper because: the Dallas Division is a proper venue under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

16. Based upon the foregoing, the current venue is an improper venue under 28

U.S.C. § 1391 (a)(3).

17.     Accordingly, Defendants seek transfer this action to the United States District Court Northern Division of Texas Dallas Division.

**II. The Amended Complaint Should Be Dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure Lack of Subject Matter Jurisdiction pursuant to 28 U.S. Code § 1367**

18.     Dismissal is proper under 28 U.S. Code § 1367 because jurisdiction regarding issues arising out of the receivership were retained by Judge Lindsay in his Order (DKT# 1447).

19.     28 U.S. Code § 1367(a) contains a broad grant of supplemental jurisdiction for claims that "are so related" to a case already properly before a federal court "that [the claims] form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims meet this "so related" requirement when the claims "derive from a common nucleus of operative fact." **United Mine Workers v. Gibbs**, 383 U.S. 715, 725 (1966) (jurisdiction upheld); 13D Wright & Miller § 3567, pp. 317–18.

20.     In the present case, the facts asserted by Plaintiff arise as a direct result of the adjudication of the case by the Dallas Division.

21.     Furthermore, the Court has not issued a final order as notated by the court of appeals. (See Id. At 10)

22.     Lastly, the Court expressly reserved jurisdiction "over any disputes that may arise concerning this or any earlier order, the wind down of the Receivership estate, and the relief provided under this order, or any controversy that arises from or relates to the Receivership or actions of the Receiver or his professionals".

23.     Plaintiff in this Case, details specifically throughout his Amended Complaint

5

that the dispute arises from the Receivership that occurred in the Dallas Division.

24.     Accordingly, Defendants seek dismissal for want of jurisdiction or transfer this action to the United States District Court Northern Division of Texas Dallas Division.

Dated July 15, 2016

                                Respectfully submitted,

                                By:/s/ *Jason Richerson*
                                    Jason Richerson
                                    State Bar No. 24049207
                                    Richerson Law Firm
                                    306 East Randol Mill, Suite 160
                                    Arlington, Texas, 76011
                                    Tel: (214) 935-1439
                                    Fax: (214) 935-1443
                                    info@richersonlawfirm.com
                                    Attorney for Defendants
                                    DBG Partners, Inc.
                                    Linda Butcher

CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system as follows

      Luiz Felipe Oliveira  (Reg. No. 5349923)
      Paul Grandinetti
      Rebecca J. Stempien Coyle
      LEVY & GRANDINETTI
      1120 Connecticut Avenue, N.W., Suite 304
      Washington, D.C. 20036
      Telephone (202) 429-4560
      Facsimile (202) 429-4564
      mail@levygrandinetti.com

By: /s/ *Jason Richerson*
    Jason Richerson