UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
**Marshall Division**

| | | |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00126-JRG-RSP |
| | ) | |
| LINDA BUTCHER *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
DBG PARTNERS, INC. AND LINDA BUTCHER MOTION TO
DISMISS FOR IMPROPER VENUE UNDER RULES 12(B)(1) AND 12(B)(3)
AND/OR MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(A)**

Plaintiff Associated Recovery, LLC ("Associated Recovery") responds in opposition to Defendants DBG Partners, Inc.'s ("DBG") and Linda Butcher's ("Butcher") (collectively for this opposition the "Defendants") Motion to Dismiss Plaintiff's Amended Complaint, or in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (the "Defendants' Motion to Dismiss"). Dkt. 52.

The Defendants' Motion fails to appreciate what this litigation is about and places undue emphasis on an Order that has already been adjudicated and vacated by the Fifth Circuit. None of the Defendants' arguments warrants the dismissal, or transfer, of this case. The Defendants' Motion to Dismiss should be denied in its entirety.

**I.      Venue Is Proper in this District and the Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(3) Should Be Denied**

The Defendants argue venue in this District is not proper under 28 U.S.C. § 1391(a)(2) and (3). To support this claim the Defendants rely on their assertion that "a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas." This

assertion suggests that the Defendants contend that venue may only lie in one district. Such a suggestion would be faulty.

"A substantial part of the events giving rise to [a] claim may have occurred in more than one district, making venue proper in each district." *Vomastek v. AXA Equitable Life Insurance Co.*, 2016 U.S. Dist. LEXIS 95583, *7 (E.D. Texas Feb. 17, 2016) (J. Gilstrap) (quoting *Principal Tech. Eng'g, Inv. v. SMI Cos.*, 2009 U.S. Dist. LEXIS 121662 at *3, and citing *Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000)). Indeed, "[v]enue is proper 'in a given district as long as substantial activities took place in that district, even if the activities in another district happen to be more substantial, or even the most substantial.'" *Id.* (quoting *Texas Marine*, 120 F. Supp. 2d at 612, citing *Principal Tech.*, 2009 U.S. Dist. LEXIS 121662 at *3). "The issue [] is whether substantial events giving rise to this lawsuit occurred in the Eastern District of Texas, not whether this District is the 'best venue for [P]laintiff's lawsuit.'" *Id.* (quoting *Principal Tech.*, 2009 U.S. Dist. LEXIS 121662 at *3 (citing *KMR Capital L.L.C. v. Bronco Energy Fund, Inc.*, 2006 U.S. Dist. LEXIS 86240 at *5)).

Here, the Defendants are deemed to reside within this District for purposes of venue, as neither Defendant has challenged this Court's personal jurisdiction. *See Vomastek*, 2016 U.S. Dist. LEXIS 95583 at *6. Butcher is clearly a resident of this District, residing in Winnsboro, Texas. *See* Dkt. 15, para. 6. Moreover, upon information and belief,[1] the Defendants were residents of this District and engaged in activities in this District when they procured the property at issue. The Plaintiff notes that the Defendants have proffered no statement or

---

[1] Neither the Plaintiff nor its predecessors were privy to the sales and transfers of the domain names at issue.

evidence to the contrary. Rather, the Defendants rely exclusively on an oversimplification of the events and occurrences giving rise to the Plaintiff's Complaint and merely state that the Receivership was instituted in the Northern District of Texas.

However, the Plaintiff *is not* challenging the institution of the Receivership. The impropriety of the Receivership has already been adjudicated by the Fifth Circuit, a fact which the Defendants' refer to in their Motion to Dismiss. Specifically, the Fifth Circuit held that the Northern District of Texas lacked subject matter jurisdiction to institute the Receivership, reversed the District Court's Order and ordered that Receivership be vacated. The Fifth Circuit also reversed the Order by the Northern District of Texas granting the sale of domain names. *See* Composite Exhibit 1 (Order granting permission to sell domain names, appeal of that order, and mandate and judgment on appeal by the Fifth Circuit).

The focus of proper venue in this case is *not* limited to where the improperly ordered Receivership was created, and the Defendants' reliance to the contrary is misplaced. In contrast, the issues that *are* raised in the Amended Complaint concern the Defendants' actions leading to their procurement of property and their acquisition and use of property. The Defendants, both of whom reside within this District as noted *supra*, are presumed to have acquired the property while in this District and engage in activities in this District as part of their alleged ownership of the property. Upon information and belief the Defendants knew that the Receivership's authority to sell the domain names was pending appeal and the Plaintiff's predecessors superior rights. *See* Dkt. 15, para. 85-88. Moreover, it is believed that the Defendants were residing in this District when they changed the registrant information and technical settings for the property in dispute, and were in this District when they sold some of the property to others. *See Id.*, para.

90-92. To use an analogy, if the Plaintiff's car is stolen in Dallas, and the Defendants purchase the car in Winnsboro, Texas, and keep possession of it there, then venue would be proper in this District if the Plaintiff sues for return of title to the car. This would be because the Defendants were in this District when they purchased the car and were keeping possession of the car in this District. In other words, venue is proper in this District because the Defendants' tortious activities and misappropriation of the Plaintiff's property occurred within this District. *See Abatix Corp. v. Capra*, 2008 U.S. Dist. LEXIS 125466 at *14 (E.D. Tex. Sept. 10, 2008) (denying a Rule 12(b)(3) motion because a substantial part of the events giving rise to the plaintiff's claims occurred within the Courts judicial "district, namely, Defendants' alleged tortious activity and misappropriation of proprietary information"). *See also Wolf Network, LLC v. AML Diagnostics, Inc.*, 2016 U.S. Dist. LEXIS 45619 at *7 (N.D. Tex. Apr. 5, 2016) ("the venue analysis for a conversion claim focuses on where the conversion occurred" (citing *Prosperity Bank v. Balboa Music Festival, LLC*, 2014 U.S. Dist. LEXIS 33104 at *3 (S.D. Tex. Mar. 13, 2014))). Here, the Defendants' tortious activity, misappropriation and conversion in procuring the property is believed to have occurred within this District.

     Finally, the Plaintiff notes that, to the extent it is necessary, venue is also proper in this District under 28 U.S.C. § 1391(b)(3) since the Defendants are subject to (and have waived any challenge to) personal jurisdiction in this District. *See supra*.

     For the foregoing reasons, the Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(3) should be denied.

II.  **This Court Possesses Subject Matter Jurisdiction and the Defendants' Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) Should Be Denied**

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*.

Here, the Defendants do not argue that the jurisdictional bases asserted in the Amended Complaint are improper. Nor do the Defendants argue that the Plaintiff cannot provide any set of facts in support of its claim that would entitle the Plaintiff to relief. Instead, the Defendants allege that this Court lacks subject matter jurisdiction because the Northern District of Texas created the Receivership which sold or otherwise transferred the property in dispute. The Defendants cite to an Order from the Northern District of Texas regarding its jurisdiction "over any disputes that may arise concerning this or any earlier order, the wind down of the Receivership estate, and the relief provided under this order, or any controversy that arises from or related to the Receivership or actions of the Receiver or his professionals." Again, the Defendants do not appear to appreciate that this lawsuit is *not* about the Receivership, and this Order is inapplicable to the current dispute.

First, there is no "dispute" about any of the Northern District of Texas' earlier orders. The orders happened, and the Fifth Circuit subsequently held that the Northern District of Texas acted outside of its subject matter jurisdiction in ordering the Receivership and reversed the Order permitting the sales of the domain names. Second, the instant matter is *not* a dispute about

5

the Receivership or actions by the Receiver or his professionals. As explained *supra*, there is no controversy in this lawsuit about what has happened. The facts germane to this case have largely been decided.

This case is simply one where a plaintiff's property was improperly taken (including by tortious activity conducted by the Defendants within this District) and the plaintiff is seeking to get it back. The courts have already decided that the taking of the property was improper due to a lack of subject matter jurisdiction. While the background noise of the earlier case which led to the improper taking of the property may be "interesting" to some, none of it is being litigated in this proceeding. For the foregoing reasons, the Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) should be denied.

### III.  The Defendants "Alternative Relief" for Transfer Under 28 U.S.C. § 1404(a) Should Be Denied

While the Defendants allege their Motion to Dismiss seeks alternate relief of transfer pursuant to 28 U.S.C. § 1404(a), the Defendants provide no analysis, law, or argument in support of this "alternative relief." The Defendants must show good cause, demonstrating that the proposed transferee venue is "clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The Plaintiff submits the Defendants are foreclosed from trying to meet its burden in any reply brief, and the Defendants' request for alternative relief under 28 U.S.C. § 1404(a) should be denied.

Even if the Defendants' Motion to Dismiss was considered as properly raising an argument under 28 U.S.C. § 1404(a), the Defendants' alternative relief should still be denied. The documents likely to be relevant to this cause of action are either public documents accessible online (such as Court opinions and orders, or online information regarding ownership

of the domain names at issue) or documents in the Defendants' possession in relation to their procurement of the property that likely are either already electronic or can easily be converted into digital form and readily movable around the nation. The Defendants have not identified any non-party witnesses who are beyond this Court's subpoena powers. The laws at issue in this case are federal or state law – laws that this Court is familiar with and properly able to address.

The Defendants have failed to meet their burden of proving that the Northern District of Texas is *clearly* more convenient than the Eastern District of Texas, and the Defendants' alternate request for relief should be denied.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully submits that the Defendants Motion to Dismiss should be denied in its entirety.

Date: July 28, 2016                                   Respectfully submitted,

                                                  /s/ Luiz Felipe Oliveira
Luiz Felipe Oliveira (Reg. No. 5349923)
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

**Attorneys for the Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court.  Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

Jason Richerson
Richerson Law Firm
306 East Randol Mill, Suite 160
Arlington, TX 76011
Telephone (214) 935-1439
Facsimile (214) 935-1443
info@richersonlawfirm.com

Jennifer Lee Taylor
Morrison & Forester LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone (415) 268-7000
Facsimile (415) 268-7522
jtaylor@mofo.com

Darin Michael Klemchuk
Aaron Douglas Davidson
Corey Jennifer Weinstein
Klemchuk LLP Dallas
Campbell Centre II
8150 North Central Expressway
10th Floor
Dallas, TX 75206
Telephone (214) 367-6000
Facsimile (214) 367-6001
darin.klemchuk@klemchuk.com
aaron.davidson@klemchuk.com
corey.weinstein@klemchuk.com

James Mark Mann
Mann Tindel & Thompson
300 W. Main
Henderson, TX 75652
Telephone (903) 657-8540
Facsimile (903) 657-6003
mark@themannfirm.com

Joel Christian Boehm
Wilson Sonsini Goodrich & Rosati Austin
900 South Capital of Texas Highway
Las Cimas IV
Fifth Floor
Austin, TX 78746-5546
Telephone (512) 338-5400
Facsimile (512) 338-5499
jboehm@wsgr.com

R William Beard, Jr.
Slayden Grubert Beard PLLC
401 Congress Avenue, Ste. 1900
Austin, TX 78701
Telephone (512) 402-3556
Facsimile (512) 402-6865
wbeard@sgbfirm.com

Steven M. Geiszler
Dentons US LLP
2000 McKinney Avenue, Ste 1900
Dallas, TX 75201-1858
Telephone (214) 259-091
Facsimile (214) 259-0910
steven.geiszler@dentons.com

| | |
|---|---|
| Debra Elaine Gunter<br>Findlay Craft PC<br>102 N College Avenue<br>Suite 900<br>Tyler, TX 75702<br>Telephone (903) 534-1100<br>Facsimile (903) 534-1137<br>dgunter@findlaycraft.com | Brian H Pandya<br>Wiley Rein LLP<br>1776 K Street NW<br>Washington, DC 20006<br>Telephone (202) 719-7457<br>Facsimile (202) 719-7049<br>bpandya@wileyrein.com |
| Jennifer Parker Ainsworth<br>Wilson Robertson & Cornelius PC<br>909 ESE Loop 323<br>Suite 400<br>P.O. Box 7339<br>Tyler, TX 75711-7339<br>Telephone (903) 509-5000<br>Facsimile (903) 509-5092<br>jainsworth@wilsonlawfirm.com | Barry M Golden<br>Goldfarb LLP<br>2501 N. Harwood Street, Suite 1801<br>Dallas, TX 75201<br>Telephone (214) 583-2233<br>Facsimile (214) 583-2234<br>bgolden@goldfarbpllc.com |
| Mark Jeffrey Levine<br>Weycer Kaplan Pulaski & Zuber<br>Eleven Greenway Plaza, Suite 1400<br>Houston, TX 77046-1104<br>Telephone (713) 961-9045<br>Facsimile (713) 961-5341<br>mlevine@wkpz.com | Hilda Contreras Galvan<br>Jones Day<br>2727 N Harwood Street<br>Dallas, TX 75201<br>Telephone (214) 969-4556<br>Facsimile (214) 969-5100<br>hcgalvan@jonesday.com |
| William Robert Lamb<br>Gillam & Smith, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone (90) 934-8450<br>Facsimile (903) 934-9257<br>wrlamb@gillamsmithlaw.com | Michael Edward Hassett<br>Jones Hassett PC<br>440 North Center<br>Arlington, TX 76011<br>Telephone (817) 265-0440<br>Facsimile (817) 265-1440<br>mhassett@joneshassett.com |

 /s/  Luiz Felipe Oliveira
Luiz Felipe Oliveira  (Reg. No. 5349923)