IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-126-JRG-RSP |
| | § | |
| LINDA BUTCHER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT, LOOKOUT, INC.'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS UNDER R12(b),
ALTERNATIVELY, TO TRANSFER IN INTEREST OF JUSTICE**

I. Motion to Dismiss under Rule 12(b)(3): Improper Venue

1. Plaintiff asserts in its response that Lookout has not challenged the court's exercise of personal jurisdiction over Lookout. See plaintiff's response, court docket doc.#84, pg.4, last para. To the contrary, Lookout *has* affirmatively raised it timely, in its motion to dismiss under Rule 12(b) on the grounds that Lookout does not have sufficient minimum contacts with the Eastern District of Texas to support either general or specific jurisdiction. Doc.#66, pg.8, ¶20. *See also Revell v. Lidov*, 317 F.3d 467, 470-76 (5th Cir. [Tex.] 2002) (maintenance of passive website is insufficient minimum contact). A defendant may challenge the court's personal jurisdiction in "[defendant's] answer, in a separate motion under Rule 12(b)(2), *or in any other fashion.*" *Knapper v. Safety Kleen Sys.*, 2009 U.S. Dist. LEXIS 30118 at *9 (E.D. Tex. Apr. 3, 2009) (emphasis added).

2. Furthermore, in this case, 28 U.S.C. §1391(b)(1) does not control, anyway, since not all of the defendants are corporations and not all of the defendants who are natural-persons are residents of Texas. See, e.g., Amended Complaint doc#15, pg.7, ¶18 (resident of Minn.). *Cf.*

Knapper, at *7-*8. The action, therefore, may not be brought in the Eastern District of Texas just because *a* defendant resides in this district, since not *all* the defendants so reside in this district. The action must be brought under either §1391(b)(2) or (3).

3. But, 28 U.S.C. §1391(b)(2) does not apply as to Lookout, since it is undisputed that *no* acts or omissions as to Lookout occurred in the Eastern District of Texas. And, §1391(b)(3) does not apply as to Lookout, since it also is undisputed that there *is* another district in which the action otherwise could be brought, that is, the Northern District of Texas. Associated Recovery's counter-argument based on §1391(b)(3) literally omits by ellipsis and completely ignores this predicate requirement of the statute. Doc.#84, pg.2, last para.

4. In the alternative, in any regard, in a multi-defendant case such as this one, the court may transfer the entire case even *if* venue is proper as to any *one* of the defendants; or, the court may sever the claims, retain jurisdiction over such one defendant as to whom venue is proper, and then transfer the case for the other defendant. The court may consider the immediate precedent of the granting of transfer by the Eastern District of Virginia court in the related matter, now pending in the Northern District of Texas, Dallas Division, under civil case no. 3:16-CV-1025-L styled *Associated Recovery, LLC v. John Does 1-44* (assigned to Judge Lindsey).

5. That lawsuit by Associated Recovery originally was filed in the United States District Court for the Eastern District of Virginia under its civil case no. 1:15-cv-01723 as an action *in rem* against a number of internet domain names that had been transferred by the receiver. After service by publication, entry of default, and motion to set aside default, that court allowed the appearance of a number of domain name owners and then granted their motion to transfer (in the alternative to their motion to dismiss), severed the plaintiff's claims as to those defendants, and so transferred the action as to those defendants to the Northern District of Texas. See N.D. Tex.

civil case no. 3:16-CV-1025-L, court docket doc.#s 39, 40. The Eastern District of Virginia court subsequently has allowed the appearance of other defendants, and it also has transferred the action as to those defendants to the Northern District of Texas. See also N.D. Tex. civil case no. 3:16-CV-1025-L, court docket doc.# 72.

II. Motion to Dismiss under Rule 12(b)(1) and (6): Lack of Standing / Failure State a Claim

6. Associated Recovery in its response continues to claim that the Fifth Circuit *also* reversed the order granting the sale of domain names and rendered them void. Doc.#84, pg.7, first para. The short answer is, no, the Fifth Circuit did not. The court of appeals opinion does *not* address any specific order granting the sale of domain names. It does *not* specifically set aside the domain name sales. It did *not* even immediately set aside the receivership. It remanded the matter to the district court to wind-up the receivership, in the final analysis of which the district court approved the receiver's actions, which inherently included the domain name sales, and discharged the receiver. Whether Lookout knew of the pending appeal at the time it purchased the domain name rights is not dispositive, so long as the order appointing the receiver was not stayed. Lookout received title to the domain name rights in the sale from the receiver, regardless of the pendency of an appeal and regardless of the subsequent vacatur of the receivership order. Lookout's position as a receivership purchaser actually is stronger in legal effect than that of a bona fide purchaser.

7. The gravamen of Associated Recovery's amended complaint and of its response is this fallacious interpretation of the legal effect of the court of appeals opinion, that it allegedly invalidated the domain name sales in the receivership. The self-same argument already had been addressed *and rebutted* by Judge Lindsey in his memorandum opinion and order on the receiver's application for final accounting, payment, and discharge in *Netsphere, Inc. v. Baron*:

> While Baron's statement that the Fifth Circuit's December 18, 2012 opinion vacated the Receivership order was technically correct, it gave the false impression that the Receivership *itself* had been vacated or dissolved. . . . In doing so, Baron *disregarded* Judge Furgeson's December 20, 2012 order that the Receiver would continue to maintain all Receivership assets and pay all domain name renewals pending dissolution of the Receivership, *as well as* the Fifth Circuit's December 31, 2012 clarification, that its opinion did *not* dissolve the Receivership, and that *the process for ending the Receivership would be managed by the district court on remand.*

(Doc.#66, Exh.1 at *14, fn.3) (emphasis added). In other words, the receivership continued in existence *until* it was finally wound-up. It was not voided *per se*, and no sales were ever voided.

8. Contrary to Associated Recovery's assertion regarding the *Baron v. Schurig* opinion (doc.#84, pg.12-13), Judge Lindsey's earlier holding in the context of the appeal of the bankruptcy court's summary judgment regarding attorney's fee claims is entirely consistent in this regard. In *Baron v. Schurig*, 2014 U.S. Dist. LEXIS 180, 2014 WL 25519 (N.D. Tex. Jan. 2, 2014), Judge Lindsey had to determine whether Jeffrey Baron's former attorneys had standing as such to pursue an involuntary bankruptcy proceeding against him. *Id.* at *29. In a nutshell, Judge Lindsey reasoned that: the court of appeals opinion held it was improper for Judge Ferguson to impose a receivership in order to satisfy inchoate claims for unpaid attorney's fees; therefore, it was improper for Judge Ferguson to enter an order for the payment of any amount for such attorney's fees; thus, the attorneys lacked standing to file the involuntary bankruptcy proceeding against Jeffrey Baron since there was a bona fide dispute as to liability for and the amount of such fees absent Judge Ferguson's attorney's fee order; and, hence, the bankruptcy should be dismissed. *Id.* at *40-*46. "To avoid any ongoing confusion and to-and-fro" Judge Lindsey specifically vacated the attorney's fee order. *Id.* at *46. In comparison, Judge Lindsey subsequently has *never* determined that any *domain name sales* order was void, and he has *never* vacated any *domain name sales*, neither in *Netsphere v. Baron* nor in *Baron v Vogel*.

9. Associated Recovery asserts that this lawsuit is not about the receivership and that there is no dispute about any of the Northern District's earlier orders. Doc.#84, pg.5, 1st and 2nd para. In that case, then, there is no dispute about Judge Lindsey's approval in *Netsphere v. Baron* of the final accounting and discharge of the receiver, specifically including the receiver's professionals such as the domain name portfolio manager, Damon Nelson. (Doc.#66, Exh.1 at *36-*39). And, in that case, then, there is no dispute about Judge Lindsey's subsequent analysis in *Baron v Vogel* that Associated Recovery's predecessors-in-interest's claims failed to state a cause of action against the receiver *or his professionals*. (Doc.#66, Exh. #5 at *17-*19). Since the domain name sales were not void *ab initio* and since they have not been voided subsequently, then Associated Recovery cannot collaterally attack the sale of the domain name rights.

10. Associated Recovery asserts that it simply wants "its" property back. Doc.#84, pg.7, 1st para. Associated Recovery purportedly got its property, that is, the internet domain name rights, by assignment from its predecessors-in-interest, who had the domain names taken from them in the receivership. But, if the domain names were taken from them in the receivership, whether rightfully or wrongfully, then they no longer had the domain names to assign to Associated Recovery. In point of fact, Associated Recovery *is* disputing the transfer of the domain names in the receivership and *is* trying to do just what its own name implies, recover the domain names by association. And, it is precisely that issue which already has been resolved adversely to Associated Recovery's predecessors and hence to Associated Recovery as a privy successor. Associate Recovery simply is attempting to "spin" the plain language of the court of appeals' opinion in *Netsphere v. Baron*, the subsequent order approving the receiver's final accounting and discharge in *Netsphere v. Baron*, and the subsequent orders denying the plaintiffs' motion to remand and granting the defendants' motion to dismiss in *Baron v Vogel*.

11. Attached, marked Exhibit 6 [sic], is a true copy of Plaintiffs' Amended Complaint in *Baron v. Vogel,* N.D. Tex. civil case no. 3:15-CV-232-L court docket doc.#32. The heart of that complaint is the "wrongful appointment of receivership" based on the court of appeals opinion in *Netsphere v. Baron*. See, e.g., Exh.6 at pg.10-14, 29. The Amended Complaint specifically references the receivership control of the domain names portfolio. See Exh.6, pg.20.

12. Texas state law is completely in accord with the result that Associated Recovery as the successor-in-interest of Novo Point, LLC, and Jeffery Baron is barred by application of the doctrine of *res judicata* from re-litigation of any purportedly assigned claim to the domain name rights: "The doctrine of res judicata . . . forbid[s bringing] a second suit arising out of the same subject matter of an earlier suit by those *in privity* with the parties to the original suit." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652-53 (Tex. 1996) (purchaser in privity with prior owner) (emphasis added). "People can be in privity [if they are] successors in interest, deriving their claims through a party to the prior action." *Id.* citing *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). "If the second plaintiffs seek to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the second plaintiffs do not allege causes of action identical to those asserted by the first. . . . Res judicata also precludes a second action on claims that arise out of the same subject matter and which might have been litigated in the first suit." *Id.* at 653, citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992), and *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 772 (Tex. 1979). And, application of the concomitant doctrine of collateral estoppel prevents re-litigation against Lookout of any of the particular issues already resolved or that could have been pursued in the prior claim against the receiver. *Barr v. Resolution Trust Corp.*, 837 S.W.2d at 628 (Tex. 1992), citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818

(Tex. 1984). Thus, to the extent that Associated Recovery asserts any state-law claims under the court's supplemental jurisdiction, the distinction is without any difference to the conclusion that Associated Recovery lacks standing and fails to state any cause of action as against Lookout.

13. The fact that Associated Recovery's predecessors may have appealed the district court's dismissal of the *Baron v. Vogel* lawsuit (under Fifth Circuit Court of Appeals pending case no. 16-10556) is not in any manner counter-dispositive. Associated Recovery's contention, that *Baron v. Vogel* has been appealed and it therefore is not final, is unsupportable under either federal or state law. Just the opposite is the rule. A judgment or order is final for purposes of the application of the doctrine of *res judicata* / collateral estoppel pending an appeal, until that judgment or order actually is reversed by the appellate court. *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F.Supp.3d 808, 812 (E.D. Tex. 2014), citing *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1380-81 (Fed. Cir. 1999); *Rice v. Dep't of the Treasury*, 998 F.2d 997, 999 (Fed. Cir. 1993); *SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed. Cir. 1983); and, *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969). Again, Texas state law is completely in accord. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986), citing *Prager, supra*.

14. As an aside, the Fifth Circuit Court of Appeals on July 8, 2016, in an unpublished opinion filed in its case no. 15-10341 styled *Netsphere, Incorporated; et al v. Gardere Wynne Sewell, L.L.P.; et al*, exercising collateral order jurisdiction of an appeal from the *Netsphere v. Baron* case, affirmed the receiver's fee awards contained in the district court's order approving the final accounting, payment, and discharge of the receiver. The court of appeals in doing so noted that although the district court has administratively closed its case, there has been no final judgment in the underlying breach of settlement action, pending resolution of a related

bankruptcy matter. Opinion at pg.4. Nevertheless, the court of appeals considered that it had jurisdiction under the collateral order doctrine, since the district court's order discharging the receiver was conclusive of the matter of the receiver's fee awards. Opinion at pg.5. *Cf. Netsphere, Inc. v. Baron,* 799 F.3d 327, 335-36 (5th Cir. [Tex.] 2015). The court of appeals in its July 8, 2016, opinion therefore in effect approved the district court's order approving the final accounting, payment, and discharge of the receiver, which order inherently approved the sales of the domain name rights by the receiver. Attached, marked Exhibit 7 [sic], is a true copy of the court of appeals unpublished opinion.

15. As a further aside, it is not as bad as it sounds that the court of appeals initially determined that the district court in the person then of Judge Ferguson abused its discretion in the manner of ordering a receivership over Jeffry Baron and his related entities:

> It is simply a legal term of art which, properly understood, carries no pejorative connotations of a professional or personal nature. We imply no criticism of the district court, only disagreement with it, primarily on [a matter of law].

*Smith Int'l, Inc. v. Tex. Commerce Bank*, 844 F.2d 1193, 1199 n.3 (5th Cir. [Tex.] 1988). *See also United States v. Walker*, 772 F.2d 1172, 1176 n. 9 (5th Cir. [La.] 1985). The fact that the court of appeals considered Judge Ferguson's receivership order to be an abuse of discretion does not inherently mean that the order was jurisdictionally flawed. To the contrary, all of the court of appeals' subsequent opinions as well as all of the district court's subsequent rulings, whether by Judge Ferguson or by his successor, Judge Lindsey, have inherently recognized the validity of the domain name sales by the receiver.

III. Motion to Dismiss under Rule 12(b)(7): Failure to Join Required Party

16. Associated Recovery alleges in its Amended Complaint that:

Joinder of the Defendants and Subject Domain Names is proper under Fed. R. Civ. Proc. 20(a)(2) in that the claims set forth herein arise out of the same series

> of transactions and the same questions of law are common to all the Defendants and Subject Domain Names.

Doc.#15, pg. 20, ¶72. The common nucleus of operative facts among all the parties in the lawsuit is the receivership in *Netsphere v. Baron*. That common issue necessarily implicates all of the factual circumstances and legal effects of the receivership in *Netsphere v. Baron*, as well as the legal interests of the receiver and of his professionals as parties required to be joined under Rule 19. But the receiver or professionals cannot be joined, based on the factual circumstances and legal effects of the orders in *Baron v. Vogel*. So, that requires dismissal under Rule 12(b)(7).

IV. Further Evidence Consideration

17. Further as an evidentiary matter, under Rule 12(b)(1) [as well as Rule 12(b)(3)], the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments: "[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), cert. denied, 558 U.S. 1111, 130 S.Ct. 1054, 175 L.Ed. 2d 883 (internal citations omitted). The only dispute about the 'facts' in this case is Associated Recovery's mischaracterizations of the legal effect of the court of appeals' opinions and of the district court's orders in *Netsphere v. Baron*. This court may resolve any such 'factual' dispute as a matter of law, consistent with the district court's orders in *Baron v Vogel*.

V. Conclusion

18. For these reasons, as well as the reasons set out in its motion, defendant, Lookout, Inc., requests the court dismiss the action as to Lookout, Inc., or alternatively transfer the action to the Northern District of Texas, Dallas Division, the Honorable Sam A. Lindsey.

Dated: August 29, 2016

Respectfully submitted,

**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

By: _____*/s/ J. Mark Mann*_____
**J. Mark Mann**
State Bar No. 12926150
mark@themannfirm.com
**G. Blake Thompson**
State Bar No. 24042033
blake@themannfirm.com

**ATTORNEYS FOR LOOKOUT, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on August 29, 2016.

*/s/ J. Mark Mann*
**J. Mark Mann**