**In the United States District Court
Eastern District of Texas
Marshall Division**

| | | |
|---|---|---|
| **Associated Recovery, LLC,** | § § § § | |
| plaintiff, | | |
| v. | § § § § § § | case no. 2:16-cv-126-JRG-RSP |
| **Linda Butcher, et al.,** | | |
| defendants. | | |

**All-Pro Fasteners, Inc.'s Reply to Plaintiff's Opposition to
Motion to Dismiss, or in the Alternative, Motion to Transfer Venue**

All-Pro Fasteners, Inc. (**"APF"**) files this reply to Plaintiff's opposition to APF's motion to dismiss pursuant to Rules 12(b)(1), 12(b)(3), 12(b)(6), and 12(b)(7), or in the alternative, its motion to transfer venue.

I. **Introduction**

Plaintiff's opposition to APF's motion reads more like a page ripped from a modern-day "how to" book written for political candidates. Our society has come far too familiar with these books, for they preach that if you cannot persuade through the merits of your own position, you should obviously spend your time berating and attacking not the merits of your opponent's position, but the very intelligence and character of your opponent.

Plaintiff spends six full pages of its opposition devoted to belittling APF and its positions taken in its motion to dismiss, claiming those positions are everything from "unrealistic" to "utterly untenable" to "utter absurdity." When the impassioned rhetoric is removed, however, the opposition relies on two propositions that are mistaken at best.

First, Plaintiff argues that the current case is wholly separate from all of the prior litigation in the *Netsphere* lineage. *See* Plaintiff's opposition, pages 6-7 (docket no. 92). In so arguing, Plaintiff hopes to avoid the obvious retention of jurisdiction established by the Honorable Judge Lindsay in the NDTX. Second, Plaintiff argues throughout its opposition that the Fifth Circuit in *Netsphere I* expressly held that the NDTX wholly lacked jurisdiction to impose the receivership, and thus, all other orders surrounding the imposition of the receivership are void in their entirety. APF certainly understands this argument, contrary to Plaintiff's counsel's representation to this court; however, the argument is erroneous, and that error discredits argument made by Plaintiff throughout its opposition.

## II.     **This Controversy Arises from the Receivership**

Plaintiff opposes APF's motion to dismiss for improper venue, as well as the alternative request to transfer venue, by trying to distinguish the current matter from the litany of lawsuits decided, or currently pending, in the NDTX. In fact, Plaintiff attempts to minimize the connection by calling it a "simple fact" that some of the "background facts are taken from *Netsphere*...." *See* Plaintiff's opposition, page 7 (docket no. 92).

The current case is plainly a controversy arising from the receivership and the actions of the receiver. Plaintiff cannot get away from that simple fact, but Plaintiff still argues that this case stems only from the mandate of the Fifth Circuit: "the critical and central foundation of Plaintiff's claims lies in the Fifth

Circuit's resolution of [*Netsphere I*]." *See* Plaintiff's opposition, page 4 (docket no. 92).[1]

A.   Venue Is Improper Here

It bears repeating that the NDTX retained exclusive jurisdiction over "any controversy that arises from or relates to the Receivership or actions of the Receiver or his professionals." *Netshpere III*, 2015 WL 1400543 (N.D. Tex. Mar. 27, 2015), attached to APF's motion as exhibit 2. The allegations in this case squarely arise out of the actions of the Receiver, and Plaintiff fully acknowledges that fact. Without the order of the NDTX authorizing sales of domains by the Receiver, and without the actual sale of those domains by the Receiver during the Receivership, Plaintiff would not be seeking redress in this court. Plaintiff says the claims are nothing more than an attempt to recover property disposed of by the Receiver during the Receivership. In other words, Plaintiff's claims arise only out of the Receivership and the actions of the Receiver and his professionals.

As a result, venue is not proper in this court.

Plaintiff attempts to persuade the court that this is not the case by presenting an order from the NDTX in *Netsphere, Inc. v. Baron*, 3:09-cv-0988 (N.D. Tex. Feb. 28, 2014), attached to Plaintiff's opposition as exhibit 2. This opinion does not support Plaintiff's argument that the NDTX lacks jurisdiction to hear the claims presented by Plaintiff here.

---

[1] Plaintiff even to argues that the Receivership and its litigation somehow tolled limitations on its claims while simultaneously arguing that this case does not arise out of the Receivership. These positions are obviously contrary to one another.

**All-Pro Fasteners, Inc.'s Reply to Plaintiff's Opposition to Motion to**
**Motion to Dismiss, or in the Alternative, Motion to Transfer Venue,** page 3

In the February 28, 2014, order, the NDTX heard a dispute after remand from the Fifth Circuit concerning the winding down of the Receivership. The Receiver informed the court that there had been competing claims made to him as to the rightful owner of the LLC's involved, namely Novo Point and Quantec LLC. *Id.* As a result of the competing claims, the Receiver requested the NDTX to conduct a show-cause hearing to determine the rightful ownership of the LLCs. Baron objected to such a process, claiming that the LLCs assets should be turned back over to the LLCs through the sole member of the LLCs without any further hearing on the matter. *Id.* The NDTX ruled that it was not necessary for the Receiver to determine who the owners of the LLCs were for purposes of returning assets to those LLCs pursuant to the Fifth Circuit's mandate. In so ruling, the NDTX pointed out that, "while the ownership of Novo Point and Quantec may have been relevant in the bankruptcy proceeding, such a determination is not relevant or necessary to comply with the Fifth Circuit's mandate that the receivership … be wound down expeditiously." *Id.*

The NDTX decided only that issue concerning the actual ownership of the LLCs was beyond the scope of its jurisdiction. Thus, the NDTX state that it "does not and will not have jurisdiction in this case over any claims and disputes regarding the ownership of the receivership." This obviously meant and related only to the ownership of the LLCs in the receivership estate, as that was the entire context of the paragraph at issue there. *Id.*

Plaintiff attempts to twist the NDTX's order there into meaning that the NDTX has already realized that it does not have jurisdiction over the claims

asserted by Plaintiff here. Indeed, the *in rem* litigation, with virtually identical claims as those made here, has already been transferred back to the NDTX under the retention of jurisdiction portion of the order, as discussed above.

B. <u>Convenience Transfer</u>

Plaintiff continues its argument that these claims are unrelated to the Receivership in the context of APF's alternative request for transfer on convenience grounds. Again, however, these claims are so intertwined with the litigation that has been pending for seven years in the NDTX that all of the relevant evidence remains within the confines of the NDTX, including all documents relating to the Receivership, the Receiver and his professionals. Plaintiff's response suggests that trial subpoenas do not matter, that the parties can simply travel to Dallas to depose the Receiver as necessary.

Obviously, presenting trial testimony by deposition is not the same as presenting that testimony in person. Things happen during the course of a trial that may require rebuttal that cannot be anticipated during the confines of a deposition taken months prior to the actual trial. The fact that the parties may be able to travel to depose a witness does not negate the fact that a more convenient forum exists.

Similarly, Plaintiff argues that convenience is mitigated by the fact that the Defendants here are "spread out all over the country (and perhaps internationally)." APF is not so spread out, however. APF is headquartered and conducts its business in Arlington, Tarrant County, Texas, which is a county served by the NDTX. Within the boundaries of the NDTX also lies one of the five

busiest international airports in the country, Dallas-Fort Worth International Airport. In fact, DFW Airport is the closest international airport to this court, as well, though it is approximately 170 miles west of the court. Those defendants traveling from places across the country, or even internationally, will most likely do so by air travel through DFW International Airport. Obviously, it is more convenient to be able to fly directly to the destination city as opposed to a city that is 170 miles from the destination.

Finally, with regard to the "interest of justice" component of the convenience transfer, Plaintiff makes the nearly preposterous assertion that "the legal and factual issues surrounding those claims are no more familiar to the Northern District of Texas than they are to this Court." *See* Plaintiff's opposition, pages 12-13 (docket no. 92). While there is nothing about the seven years of litigation preceding this matter that is overly complex or difficult to comprehend, and this court is certainly capable of reviewing all of the history and the thousands and thousands of docket entries from the related litigation, the fact remains that the NDTX has already reviewed those entries, made rulings that have become final or been appealed, and become extremely familiar with the claims and parties before it. Plaintiff makes this argument without any pretense, because it is clear that the Plaintiff is engaged in blatant forum shopping with the intent of avoiding a court it perceives to be hostile. In fact, Plaintiff makes this perfectly clear, saying that "a fresh set of eyes" is necessary to consider this case because of the "inaccurate decisions and orders from the Northern District." *See* Plaintiff's opposition, page 15 (docket no. 92).

The NDTX is a more convenient forum for the claims that Plaintiff has brought here, and in the alternative to dismissal, the court should transfer this matter, including all claims asserted against all Defendants, to the NDTX for assignment to the Honorable Judge Lindsay.

### III. The Fifth Circuit Did Not Void the Sale Orders

The next argument that permeates every part of Plaintiff's opposition is the repeated over-statement concerning the Fifth Circuit's holding in *Netsphere I*. Throughout Plaintiff's opposition, Plaintiff claims that the Fifth Circuit's decision to vacate the Receivership order made all other orders "necessarily invalid, null, and void." *See* Plaintiff's opposition, page 18 (docket no. 92). In fact, Plaintiff argues that the Fifth Circuit "effectively said the Northern District that [sic] 'you had no jurisdiction to establish the Receivership...." *Id.* Unfortunately for Plaintiff, the Fifth Circuit did not hold there was a complete lack of jurisdiction in entering the Receivership order. To the contrary, the Fifth Circuit first explained that district courts do, in fact, have the jurisdiction to impose receiverships in certain circumstances, but that the NDTX had abused that discretion in this particular circumstance.

A closer look at the opinion from the Fifth Circuit makes this abundantly clear. The Fifth Circuit began by looking at the nature of the receivership remedy, pointing out that the applicable standard of review was an abuse of discretion standard. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012). The court went on to explain, "receivership is 'an extraordinary remedy that should be employed with the utmost caution' and is justified only where there is

a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties. *Id.* The court then explored the reasons proffered for the imposition of the Receivership one by one, ultimately concluding, quite succinctly and clearly, "this was an improper use of the receivership remedy. The order appointing a receiver is vacated." *Id.* at 311.

What the Fifth Circuit did <u>not</u> say was that the NDTX lacked the jurisdiction to impose this remedy. Rather, the holding was only that the NDTX imposed this equitable remedy when the facts and circumstances did not warrant the utilization of its jurisdiction to do so. This is a very important distinction, and one Plaintiff repeatedly misstates. No court has held that the receivership order was outside the bounds of the NDTX's *jurisdiction*. The distinction is key, because orders entered by a court lacking in jurisdiction are void. *See Williams v. New Orleans Pub. Serv., Inc.,* 728 F.2d 730, 735 (5th Cir. 1984).

The Receivership order and the orders that the NDTX entered relating to it were not, and have never been, declared void for a lack of jurisdiction as Plaintiff now argues. This fact alone defeats Plaintiff's opposition to APF's motion to dismiss based on a failure to state a claim (collateral estoppel)[2], and on a lack of subject matter jurisdiction (standing).

---

[2] Plaintiff makes a single statement in its opposition on page 20 that "Plaintiff here has stated a claim for injunctive relief premised on the necessary and only logical reading of the *Netsphere* opinion. That certainly must state a claim." However, Plaintiff's amended complaint makes absolutely no mention of injunctive relief, and the prayer seeks no such injunction. Accordingly, APF will not reply to this inaccuracy beyond this footnote.

## IV. **Limitations Bars Recovery**

Plaintiff gives nothing more than a glancing response to APF's motion to dismiss on limitations grounds, claiming only that it is "not evident from the pleadings that the action is time-barred or that the pleadings fail to raise some basis for tolling." *See* Plaintiff's opposition, page 26. Plaintiff correctly cites to *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944 (5th Cir. 2014) for the proposition that a motion to dismiss may be granted on limitation grounds where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. However, Plaintiff's argument that its pleadings raise some basis for tolling because Plaintiff was somehow "prevented" from exercising its rights by the pendency of other legal proceedings is inaccurate.

A federal court applying a state statute of limitations should give effect to the state's tolling provisions, as well. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). It is true that, in Texas, "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. Civ. App. – Corpus Christi 1978, writ ref'd n.r.e.). However, in Texas, it is also the "general rule that the appointment of a receiver does not affect the running of limitations." *Nichols v. Wheeler,* 304 S.W2d 229, 232 (Tex. Civ. App. – Austin 1957, writ ref'd n.r.e.).

Plaintiff does not explain in its opposition exactly *how* it contends it has plead that it was prevented from filing the tort claims at issue here. Indeed,

Plaintiff's pleadings do not suggest that it was hampered in the bringing of these claims in any way. Rather, the pleadings show that Plaintiff was aware of the Fifth Circuit's order directing the NDTX to wind down the Receivership when it was delivered on December 18, 2012. All of Plaintiff's two year limitations periods expired on December 18, 2014. All of Plaintiff's three year limitations periods expired on December 18, 2015. This action was not filed within those limitations periods, and thus, Plaintiff's claims for conversion, misappropriation, declaratory judgment, and unjust enrichment should be dismissed.

Prayer

APF respectfully requests that Plaintiff's claims be dismissed with prejudice for the reasons set out in its motion to dismiss. Alternatively, APF respectfully requests that this court transfer this action to the Northern District of Texas for assignment to the Honorable Judge Lindsay, and for any such further relief to which it is justly entitled.

Respectfully submitted,

    /s/ *Michael Hassett*
Michael Hassett
Texas Bar No. 00796722

JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
(817) 265-0440
(817) 265-1440 (fax)
mhassett@tarrantbusinesslaw.com

ATTORNEYS FOR ALL-PRO
 FASTENERS, INC.

Certificate of Service

    The undersigned certifies that on September 6, 2016, I caused this motion to be served on all counsel of record via the court's CM/ECF system.

                                            */s/ Michael Hassett*