UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, | ) |
| | ) |
|         *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. 2:16-cv-00126-JRG-RSP |
| | ) |
| LINDA BUTCHER *et al.*, | ) |
| | ) |
|         *Defendants*. | ) |
| | ) |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT ALL PRO FASTENER, INC'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff Associated Recovery, LLC ("Associated Recovery") hereby submits its sur-reply to Defendant All-Pro Fastener, Inc.'s Reply in Support of its Motion to Dismiss, or in the Alternative, Motion to Transfer Venue ("All Pro's Reply"). Dkt. 96.

**I.    The Fifth Circuit did, in fact, *expressly invalidate* the Sale Order.**

There are numerous glaring errors in All-Pro's Reply. First and foremost, All Pro's Reply represents that the Fifth Circuit did not invalidate the Sale Order. That representation is demonstrably false. The Fifth Circuit *expressly invalidated* the Sale Order. (*See* Dkt. 92, Exhibit 1.)[1] Thus, Defendant's statement that "[t]he Receivership Order and the orders that the Northern District of Texas entered relating to it were not, and have never been, declared void for lack of

---

[1] Appeal of the Order Appointing the Receiver was given USCA 5 case number 10-11202. Appeal of the Order purporting to authorize the sale of the domain names, which was later consolidated with 10-11202 (as were many other appeals), was given USCA 5 case number 11-10290. As can be seen by Dkt. 92, Composite Exhibit 1, the Fifth Circuit issued its mandate in 11-10290 expressly reversing the Order approving the sale of the domain names. The case number assignments can be confirmed by going to the district court docket for 3:09-cv-988 in the Northern District of Texas and looking at docket number 288 (order approving sale of domain names); 341 (notice of appeal for docket number 288); and the entry dated 04/05/2011, reporting that the Fifth Circuit had assigned case number 11-10290 to the notice of appeal at docket entry 341.

1

jurisdiction" is difficult to understand. *Netsphere I* and the Fifth Circuit's mandates speaks for themselves. The Fifth Circuit found that the district court lacked jurisdiction over the domain names and invalidated the Receivership Order and the Sale Order (as well as others) on that basis. Defendant's reliance on the Fifth Circuit's decision overlooks the Court's following statements *in that decision*:

- "[T]he receivership was established to pay the attorneys … Establishing a receivership to secure a pool of assets to pay Baron's former attorneys … was *beyond the court's authority*." *Id*. at 308 (emphasis added).

- "[T]he attorneys' allegations and claims … were not the subject of the underlying litigation. 'The general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them ….." *Id*. at 308-09.

- "A court *lacks jurisdiction* to impose a receivership over property that is not the subject of an underlying claim or controversy." *Id*. at 310 (emphasis added).

- "The receivership ordered in this case encompassed [assets] none of which was sought in [and]… also included business entities … [that] were never named parties in [the underlying case]. We conclude the district court could not impose a receivership over Baron's personal property and the assets held by Novo Point and Quantec." *Id*.

- "A court has undeniable authority to control its docket but not through creating a receivership over assets [] that were not the subject of the litigation." *Id*. at 311.

- "The receivership ordered in this case *encompassed all of Baron's personal property, none of which was sought in the Netsphere lawsuit or the Ondova bankruptcy* …. The receivership also included business entities owned or controlled by Baron, including Novo Point, LLC and Quantec, LLC. …[Those entities] *were never named parties in the Netsphere lawsuit or the Ondova bankruptcy*. We conclude the district court could not impose a receivership over Baron's personal property and the assets held by Novo Point and Quantec." *Id.* at 310.[2]

Other arguments advanced by Defendant are little more than red herrings that attempt to establish irrelevant points. Defendant's observation that sometimes district courts, under some

---

[2] This holding from the Fifth Circuit bears some emphasis because Defendants rely on Novo Point for their claim to ownership of the domain names. The district court does not have jurisdiction, under equitable principles or otherwise, to convey title to a non-party's property or to liquidate a non-party's assets. That is, of course, precisely what the Fifth Circuit held in *Netsphere*.

circumstances, have the jurisdiction to establish receiverships does not change the fact that the Fifth Circuit found that the Northern District lacked jurisdiction to establish the particular Receivership related to the subject domain names. Jurisdictional theory about receiverships simply ignores the concrete facts of this situation. If the district court didn't have jurisdiction, it didn't have jurisdiction. The Fifth Circuit held that the district court didn't have jurisdiction. And as Defendant itself acknowledges, when a district court enters an order that it lacked jurisdiction to enter, that order is void.

All Pro continues to rely on a provision in an Order from the Northern District of Texas by which that court purported to "retain" jurisdiction over matters arising out the Receivership. Defendant never explains how the district court could "retain" jurisdiction over domain name disputes when the Fifth Circuit held, unequivocally and in no uncertain terms, that the district court lacked jurisdiction over the domain names. Failure to offer an explanation for that conundrum is particularly enlightening, since Plaintiff's Opposition directly addressed the issue and offered many authorities regarding the proper jurisdictional analysis to be given to "ancillary suits." Turning a blind eye to that discussion and those authorities, All Pro prefers to simply barrel ahead with its contention that the jurisdiction provision in the Northern District's Order is applicable, with no explanation of how that court could "retain" a jurisdiction it never had.

Furthermore, Defendant's effort to distinguish the other *Netsphere* Order from the Northern District is not the least bit compelling. That court has already acknowledged that it lacked jurisdiction over disputes such as this one. it has no jurisdiction "over any claims and disputes *regarding ownership of the receivership*" *assets.*

Moreover, the domain names were never within the Northern District's jurisdiction and thus it could not have "retained" jurisdiction over them; indeed, after the Fifth Circuit's *Netsphere*

3

*I* opinion, the district court could not do *anything* to affect the domain names *in any way*. All the district court had authority to do was wind down the Receivership and allocate the fees and expenses. To think that the district court could somehow continue to "retain" jurisdiction over the domain names is preposterous.

II. **Defendant fails to establish that the Northern District is "clearly" more convenient.**

With respect to venue, the arguments in Defendant's Reply do not warrant any dismissal or transfer. Defendant begins discussion of this issue by once again referring to the Northern District's Order purporting to retain jurisdiction over the Receivership. That argument has already been debunked. This case is about the domain names. The district court never had jurisdiction over the domain names. *See Netsphere I*. Ergo, there is no jurisdiction for the Northern District to retain with respect to disputes about the domain names.

Moving on from the "retention of jurisdiction" argument, Defendant does nothing more than recite a few facts that suggest that venue in the Northern District may be somewhat more convenient for All Pro and speculate that other Defendants may well prefer not to make the two-hour drive from DFW to Marshall. Defendant, however, falls far short of establishing that the Northern District is "*clearly*" more convenient than this Court. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th. Cir. 2008) ("[W]hen the transferee venue is not *clearly more convenient* than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Indeed, Defendant still does not address the bulk of the factors necessary to make such a showing, as pointed out in Plaintiff's Opposition.

III. **Plaintiff's predecessors-in-interest were under a legal impediment to bringing suit before March 27, 2015, justifying tolling any otherwise applicable limitations period.**

With respect to the statutes of limitations defense, Plaintiff pointed out in its Opposition to Defendant's Motion to Dismiss that Plaintiff's predecessors-in-interest were prohibited from

4

pursuing claims during the pendency and winding up process of the Receivership, and that the Receivership was not fully wound down until March 27, 2015. Exhibit 3, attached hereto, is an email proving that the Receiver had barred Plaintiff's predecessors-in-interest from any such legal actions; the email demonstrates that Plaintiffs predecessors-in-interest were in fact precluded from bringing suit earlier. This impediment further justifies tolling any otherwise applicable limitations period.

## CONCLUSION

The arguments in Defendant's Reply fare no better than those in its original Motion. There is no basis for dismissing this lawsuit or transferring it to another court. The Fifth Circuit absolutely and unquestionably did invalidate the Sale Order on the basis that the district court lacked jurisdiction over the domain names. Plaintiff wants the domain names back. This is a simple and straightforward case that this Court is perfectly capable of handling, and none of the arguments advanced by Defendant establish otherwise. For these reasons, in addition to those set out in Plaintiff's Opposition, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

Date: September 19, 2016          Respectfully submitted,

 /s/ Luiz Felipe Oliveira
Luiz Felipe Oliveira (Reg. No. 5349923)
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

**Attorneys for the Plaintiff**

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court.   Pursuant to Local Rule CV-5, this constitutes service on the following counsel:

Jason Richerson
RICHERSON LAW FIRM
306 East Randol Mill, Suite 160
Arlington, Texas 76011
Telephone (214) 935-1439
Facsimile (214) 935-1443
info@richersonlawfirm.com

James Mark Mann
MANN TINDEL & THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone (903) 657-8540
Facsimile (903) 657-6003
mark@themannfirm.com

Jennifer Lee Taylor
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone (415) 268-7000
Facsimile (415) 268-7522
jtaylor@mofo.com

Joel Christian Boehm
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas   78746-5546
Telephone (512) 338-5400
Facsimile (512) 338-5499
jboehm@wsgr.com

Darin Michael Klemchuk
Aaron Douglas Davidson
Corey Jennifer Weinstein
KLEMCHUK LLP Dallas
Campbell Centre II
8150 North Central Expressway
10th Floor
Dallas, Texas 75206
Telephone (214) 367-6000
Facsimile (214) 367-6001
darin.klemchuk@klemchuk.com
aaron.davidson@klemchuk.com
corey.weinstein@klemchuk.com

R. William Beard, Jr.
SLAYDEN GRUBERT BEARD PLLC
401 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone (512) 402-3556
Facsimile (512) 402-6865
wbeard@sgbfirm.com

Steven M. Geiszler
DENTONS US LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201-1858
Telephone (214) 259-091
Facsimile (214) 259-0910
steven.geiszler@dentons.com

Debra Elaine Gunter

Brian H Pandya

| | |
|---|---|
| FINDLAY CRAFT PC<br>102 North College Avenue<br>Suite 900<br>Tyler, Texas 75702<br>Telephone (903) 534-1100<br>Facsimile (903) 534-1137<br>dgunter@findlaycraft.com | WILEY REIN LLP<br>1776 K Street, N.W.<br>Washington, D.C. 20006<br>Telephone (202) 719-7457<br>Facsimile (202) 719-7049<br>bpandya@wileyrein.com |

FINDLAY CRAFT PC
102 North College Avenue
Suite 900
Tyler, Texas 75702
Telephone (903) 534-1100
Facsimile (903) 534-1137
dgunter@findlaycraft.com

Jennifer Parker Ainsworth
WILSON ROBERTSON & CORNELIUS PC
909 ESE Loop 323
Suite 400
P.O. Box 7339
Tyler, Texas 75711-7339
Telephone (903) 509-5000
Facsimile (903) 509-5092
jainsworth@wilsonlawfirm.com

Mark Jeffrey Levine
WEYCER KAPLAN PULASKI & ZUBER
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046-1104
Telephone (713) 961-9045
Facsimile (713) 961-5341
mlevine@wkpz.com

William Robert Lamb
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone (90) 934-8450
Facsimile (903) 934-9257
wrlamb@gillamsmithlaw.com

WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Telephone (202) 719-7457
Facsimile (202) 719-7049
bpandya@wileyrein.com

Barry M Golden
GOLDFARB LLP
2501 North Harwood Street, Suite 1801
Dallas, Texas 75201
Telephone (214) 583-2233
Facsimile (214) 583-2234
bgolden@goldfarbpllc.com

Hilda Contreras Galvan
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone (214) 969-4556
Facsimile (214) 969-5100
hcgalvan@jonesday.com

Michael Edward Hassett
JONES HASSETT PC
440 North Center
Arlington, Texas 76011
Telephone (817) 265-0440
Facsimile (817) 265-1440
mhassett@joneshassett.com

  /s/   Luiz Felipe Oliveira
Luiz Felipe Oliveira   (Reg. No. 5349923)