IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ASSOCIATED RECOVERY, LLC,** | |
| Plaintiff, | No. 2:16-cv-126-JRG-RSP |
| v. | |
| **LINDA BUTCHER *ET AL.*,** | |
| Defendants. | |

**REPLY IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TRANSFER**

# Table of Contents

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT AND AUTHORITIES ................................................................................... 3

        A. The Court Should Dismiss This Action For Failure To State A Claim .................. 3

             1. Plaintiff's Pleaded Claims For Relief Are Not Plausible ............................ 3

             2. Plaintiff's Claims Are Precluded ................................................................ 4

             3. Plaintiff's "Jurisdiction" Argument Is Incorrect ........................................ 6

             4. Conclusion: Plaintiff's Claims Are Precluded ........................................... 7

        B. Venue Exists Only In The Northern District Of Texas............................................ 7

             1. The Northern District Has Stated It Shall Be The Exclusive Venue .......... 7

             2. Plaintiff Cannot Establish Proper Venue In This District........................... 8

             3. The Northern District Of Texas Is Also More Convenient........................ 9

II. CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 3

*Associated Recovery, LLC v. John Does 1-44*, Case No. 3:16-cv-01025-L ................................ 10

*Baron v. Vogel*, No. 3:15-cv-232-L, 2015 U.S. Dist. LEXIS 128812
    (N.D. Tex. Sep. 25, 2015) ................................................................................................... 8

*Baron v. Vogel*, No. 3:15-cv-232-L, 2016 WL 1273465 (N.D. Tex. Mar. 31, 2016) ............. 5, 6, 7, 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 3

*DietGoal Innovations LLC v. Chipotle Mexican Grill*, 70 F. Supp. 3d 808
    (E.D. Tex. 2014) ................................................................................................................. 6

*Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761 (E.D. Tex. 2009) ........................................... 10

*Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. Appx. 307 (5th Cir. 2008) ................................... 3

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ................................................. 9, 10

*Jackson v. Intel Corp.*, No. 2:08-cv-154, 2009 U.S. Dist. LEXIS 22117
    (E.D. Tex. March 19, 2009) ................................................................................................. 9

*Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979) ...................................................... 8

*McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514 (S.D. Tex. 2001) ................................... 8

*Netsphere, Inc. v. Baron*, No. 3:09-cv-988-F, 2013 WL 3327858
    (N.D. Tex. May 29, 2013) ................................................................................................... 5

*Netsphere, Inc. v. Baron*, No. 3:09-cv-988-L, 2015 WL 1400543
    (N.D. Tex. Mar. 27, 2015) ................................................................................................... 8

*Netsphere, Inc. v. Baron* (*Netsphere I*), 703 F.3d 296 (5th Cir. 2012) ............................... *passim*

*Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 2016 U.S. App. LEXIS 12627
    (5th Cir. Jul. 8, 2016) ................................................................................................ *passim*

*Nichols v. Wheeler*, 304 S.W.2d 229 (Tex. Civ. App. – Austin 1957, writ ref'd
    n.r.e.) .................................................................................................................................. 4

*R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005) ............................................................... 3

*Ross v. Institutional Longevity Assets LLC*, No. 12-102-LPS-CJB, 2013 U.S. Dist. LEXIS 134730 (D. Del. Sep. 20, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 147103 (D. Del. Oct. 11, 2013) ...................................10

*Scurlock Oil Co. v. Smithwick*, 724 S.W. 2d 1 (Tex. 1986)............................................................6

## STATUTES

28 U.S.C. § 1391(b)(2) ...............................................................................................................8, 9

28 U.S.C. § 1406(a) .........................................................................................................................9

## RULES

Fed. R. Civ. P. 12(b) .......................................................................................................................1

Defendants Quinn Veysey; Priveco, Inc.; Virtual Investments, LLC; Telepathy, Inc.; Strong, Inc.; Adam Strong; Creation Media, LLC; Unicorn Ranch, LLC (in lieu of Onig, LLC); True Magic, LLC; CBRE Group, Inc.; Power Home Technologies, LLC; State Farm Mutual Automobile Insurance Company; Tumult, Inc.; Radical Investments Management, LLC; and Slice Technologies, Inc. (collectively, "Defendants")[1] file this Reply in support of their motion (Dkt. 94) requesting the Court dismiss with prejudice Plaintiff's Amended Complaint under Rule 12(b) or, in the alternative, transfer this case to the Northern District of Texas.

## I.   INTRODUCTION

The real party in interest behind the Plaintiff, Mr. Jeffrey Baron, was for a time subject to an equitable receivership ordered by the Northern District of Texas over his assets, including his companies and their assets. Those receivership assets included Internet domain names, some of which were liquidated by Court-authorized sales to Defendants, or persons preceding Defendants in the chain of title. This case represents the latest attempt by Mr. Baron to unwind those sales. It suffers from immediate defects, requiring dismissal. Two such defects stand out.

First, Plaintiff cannot state a plausible claim for relief. Whatever gripes Mr. Baron may have with the Northern District of Texas about exceeding the limits of equitable receiverships, or with the Fifth Circuit in balancing the resulting equities, none amount to plausible allegations of actionable conduct by any Defendant. Defendants' Motion explained why every pleaded claim for relief is deficient under the circumstances. Motion p. 12-18. Plaintiff's Opposition (Dkt. 102) is silent in response. Because Plaintiff cannot state a claim for relief, dismissal is warranted under Rule 12(b)(6).

Second, Mr. Baron's attempts at relief from the Northern District of Texas and the Fifth Circuit resulted in rulings that preclude this lawsuit under principles of collateral estoppel. In its

---

[1] Defendant Electronic Arts Inc. joined. Dkt. 99.

Opposition, Plaintiff is not forthright with the story about what happened in earlier litigation in those courts. As explained further in argument below, that story includes resolution of dispositive issues that require dismissal of this case.

In a key example, Plaintiff tries to distance a company called Novo Point, LLC from the prior rulings in the Northern District and Fifth Circuit. Novo Point is one of Mr. Baron's companies, and the company that sold the domain names at issue during the receivership. Plaintiff states that the Fifth Circuit made no determination about using Novo Point's assets, including the domain names at issue here, to pay for receivership fees. Opp. p. 10. This is not accurate. The Fifth Circuit has made several determinations about Novo Point's assets and the domain names it sold, including most recently stating that (1) the assets of two of Mr. Baron's companies—including Novo Point, LLC—"were part of the receivership" and (2) its opinion in *Netsphere I* "ordered the district court to award fees *using the receivership assets*." *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 2016 U.S. App. LEXIS 12627, at *2 n.1, *9 n.3 (5th Cir. Jul. 8, 2016) (emphasis in original).

Thus, the Fifth Circuit has now ratified, on multiple occasions, the domain name sales on which Plaintiff premises its entire complaint. The Fifth Circuit affirmed the Northern District's use of liquidated assets from those sales to pay "the receiver, his attorneys, and his employees" —as it had previously ordered the Northern District to do. *Id.* at *4, *10. It did not order those sales unwound, or the domain names returned to Mr. Baron or his companies. Plaintiff's statements to the contrary are wishful thinking.

Dismissal is also warranted under bright-line venue principles. Plaintiff pleaded nothing to demonstrate proper venue in this District. Its Opposition offers only speculation about how it might be able to establish venue for some Defendants, or what might have happened here *after* or unrelated to the events giving rise to its allegations. None of this establishes proper venue,

which must exist for the case as a whole. To the contrary, Plaintiff concedes: "The relevant and central legal and factual issues have already been mainly decided. . . . [T]hose facts are at the heart of this suit." Opp. p. 26. Those issues arose in the Northern District, the sole proper venue, and the venue where Judge Lindsay declared "exclusive jurisdiction" over disputes such as this. This, too, requires dismissal—or transfer in the interest of justice.

## II. ARGUMENT AND AUTHORITIES

### A. The Court Should Dismiss This Action For Failure To State A Claim

#### 1. Plaintiff's Pleaded Claims For Relief Are Not Plausible

None of Plaintiff's claims for relief are well-pleaded or plausible. *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (courts reject conclusory allegations, unwarranted deductions, and legal conclusions); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (explaining pleading sufficiency standard, including plausibility requirement).

Plaintiff pleaded conversion, violation of the Federal Anti-cybersquatting Consumer Protection Act, misappropriation, quiet title, and fraudulent conveyance. It also pleaded a claim for declaratory judgment, and seeks relief for alleged unjust enrichment. Defendants' Motion explained why every one of these claims and theories for relief is deficient based on their nature and the controlling legal requirements. Motion p. 12-18. Plaintiff said **nothing** in its Opposition to even argue to the contrary. If Plaintiff attempts to do so in surreply, this would be untimely. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."). Such an attempt would also be futile. Put simply, Plaintiff's real gripe is with the court-appointed receivership, not Defendants, and Plaintiff's attempt to re-cast its failed theories against Defendants is not founded in any respect.

3

### 2. Plaintiff's Claims Are Precluded

Because the Fifth Circuit and Northern District of Texas have ruled—multiple times—that the domain name sales at issue should not be unwound, and that collateral attacks on those court-authorized sales are improper, Plaintiff's claims are barred as a matter of law.

Plaintiff baldly states throughout its Opposition that the Fifth Circuit ordered the sales of the domain names to be unwound and those assets to be returned. This is incorrect. The domain names were receivership assets sold for cash during the receivership. The Fifth Circuit instead ordered those receivership assets, having been liquidated, to be used to pay the receivership fees during the wind-down process. *Netsphere, Inc. v. Baron* (*Netsphere I*), 703 F.3d 296, 311-314 (5th Cir. 2012). Allowing the sales to be unwound would make that order impossible.

This is not the first time Plaintiff's real party in interest, Mr. Baron, has requested this relief.[2] The Fifth Circuit's ruling about what to do with the receivership assets did not come out of nowhere. Rather, Mr. Baron **specifically requested** that the Fifth Circuit order those same assets returned to him. Plaintiff omits this part of the story because those requests failed. In his opening brief in *Netsphere I*, Mr. Baron asked the Fifth Circuit to "order the return of all property the district court below ordered taken from Jeff [Baron] pursuant to the challenged order[.]" 5th Cir. Appeal No. 10-11202, Brief filed March 28, 2011, p. 70. In his reply brief in *Netsphere I*, he again asked the Fifth Circuit to order "the receivership assets disbursed while the matter has been on appeal returned." *Id.*, Brief filed July 15, 2011, p. 15. **The Fifth Circuit**

---

[2] Plaintiff concedes that Mr. Baron is the real party in interest. *See, e.g.*, Opp. p. 7, 15. In fact, Exhibit 3 to its Opposition (Dkt. 102-3) is an e-mail from the Receiver's counsel to Mr. Baron, demonstrating that tie.

Exhibit 3 is proffered in support of tolling the statute of limitations. *But see Nichols v. Wheeler*, 304 S.W.2d 229, 232 (Tex. Civ. App. – Austin 1957, writ ref'd n.r.e.) (in Texas, it is the "general rule that the appointment of a receiver does not affect the running of limitations"). Moreover, Plaintiff cannot establish tolling when, during the same period, Mr. Baron actively sought the same relief from the Fifth Circuit.

*rejected these express requests*, and held:

> We recognize that the district court was dealing with a conundrum when it decided to appoint the receiver — the problem was great, but standard remedies seemed inadequate. We also take into account that, to a large extent, Baron's own actions resulted in more work and more fees for the receiver and his attorneys. For these reasons, **charging the current receivership fund for reasonable receivership expenses, without allowing any additional assets to be sold**, is an equitable solution.

*Netsphere I*, 703 F.3d at 313 (emphasis added). The Court thus ratified those sales for purposes of balancing the equities under the circumstances. The Fifth Circuit did so again when it affirmed the District Court's subsequent order effectuating this mandate. *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 2016 U.S. App. LEXIS 12627, at *10. *See also Netsphere, Inc. v. Baron*, No. 3:09-cv-988-F, 2013 WL 3327858, at *16 (N.D. Tex. May 29, 2013) (ratifying all of the Receiver's decisions regarding individual domain name asset sales). These rulings ratifying the domain names sales negate the sole premise of Plaintiff's complaint, and thus compel dismissal here.

Similarly, each of Plaintiff's allegations constitutes an impermissible collateral attack on prior court orders. After unsuccessfully seeking to unwind the domain name sales at the Fifth Circuit, Mr. Baron also sued the Receiver himself. In that case, the Northern District ruled that "any claim by Plaintiffs based on the wrongful establishment or continuation of the receivership or payment of receivership expenses is an impermissible collateral attack of prior orders through this [subsequent] suit." *Baron v. Vogel*, No. 3:15-cv-232-L, 2016 WL 1273465, *6 (N.D. Tex. Mar. 31, 2016). This applies here, too. In its Opposition, Plaintiff openly admits that its claims for relief in this case are based on a challenge "*to the district court's actions, not the Receiver's*" (and not the Defendants'). Opp. p. 7 (emphasis in original). *Accord* Opp. p. 21 ("This case involves the erroneous actions *of the district court* . . .") (emphasis in original). As the Northern District has held, challenges to the district court's actions like Plaintiff's here are "an

5

impermissible collateral attack of prior orders."[3]

### 3. Plaintiff's "Jurisdiction" Argument Is Incorrect

Throughout its Opposition, Plaintiff characterizes the Fifth Circuit's *Netsphere I* holding as jurisdictional—that the District Court lacked any jurisdiction at all over Mr. Baron or his domain names. Not so. The Fifth Circuit has explained its holding: "This court held that the district court exceeded its authority in imposing the receivership." *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 2016 U.S. App. LEXIS 12627 at *3 (citing 703 F.3d at 311). It did so because equitable receiverships have functional boundaries, which the District Court overstepped. *Netsphere I*, 703 F.3d at 311 (holding that using assets "outside the scope of litigation to pay claims of Baron's former attorneys and control Baron's litigation tactics . . . was an improper use of the receivership remedy."). This is not the same as holding that the District Court lacked any jurisdiction whatsoever over Mr. Baron or his domain name assets such that the sales must be unwound.

To the contrary, the Fifth Circuit ordered the District Court to take further actions regarding Mr. Baron's assets by paying receivership fees from the liquidated domain name sales. *Netsphere I*, 703 F.3d at 315 ("The judgment appointing the receiver is REVERSED with

---

[3] Plaintiff argues that this ruling is of no effect because an appeal is pending. Opp. p. 9. But Plaintiff's citation held the exact opposite: *Scurlock Oil Co. v. Smithwick*, 724 S.W. 2d 1 (Tex. 1986) explained that this used to be the rule in Texas, but then it expressly overruled that prior precedent. *Accord DietGoal Innovations LLC v. Chipotle Mexican Grill*, 70 F. Supp. 3d 808, 812 (E.D. Tex. 2014) ("Importantly, the collateral estoppel effect of a prior district court decision is not affected by the fact that an appeal has been taken from the decision.").

Plaintiff also argues that Defendants should subsequently seek indemnity from the Receiver (Mr. Vogel). Opp. p. 20. But the Northern District stated in *Vogel* that liability cannot lie with the Receiver. *Baron v. Vogel*, 2016 WL 1273465, at *5 ("When nothing in the complaint indicates that the receiver has acted outside the scope of authority granted to him by the court, the receiver is immune from liability. . ."). Regardless, the liability chain Plaintiff urges towards the Receiver only further demonstrates (1) why that Court's rulings preclude this lawsuit, (2) why that Court is the only proper venue (further discussed *infra*), and (3) why necessary and indispensable parties including the Receiver would need to be joined for any lawsuit like this one to proceed (Defendants' Motion p. 20-24).

directions to vacate the receivership and discharge the receiver, his attorneys and employees, and to charge against the cash in the receivership fund the remaining receivership fees in accordance with this opinion."); *see also id.* at 314 ("To the extent the cash on hand is insufficient to satisfy fully what is determined to be the reasonable charges by the receiver and his attorneys, those charges will go unpaid. No **further** sales of domain names or other assets are authorized.") (emphasis added).[4]

Broad jurisdiction over Mr. Baron and his assets was never in question: Mr. Baron was a party to the *Netsphere* litigation and was subject to bankruptcy proceedings in the Northern District. Indeed, the Fifth Circuit noted the District Court's jurisdiction over Mr. Baron in the *Netsphere* litigation when it affirmed the disposition of those assets. *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 2016 U.S. App. LEXIS 12627, at *10. *See also Baron v. Vogel*, 2016 WL 1273465, at *5 (ruling that "even if Judge Furgeson acted beyond the district court's authority or in excess of its jurisdiction, he did not act in the clear absence of jurisdiction when he created the receivership in *Netsphere*").

### 4. Conclusion: Plaintiff's Claims Are Precluded

Defendants agree that "[t]he relevant and central legal and factual issues have already been mainly decided." Opp. p. 26. Those decisions foreclose Plaintiff's complaint.

### B. Venue Exists Only In The Northern District Of Texas

#### 1. The Northern District Has Stated It Shall Be The Exclusive Venue

> The court shall retain **exclusive jurisdiction** of this case over any disputes that may arise concerning this or any earlier order, the wind down of the Receivership estate, and the relief provided under this order, or **any controversy that arises from or relates to the Receivership or actions of the Receiver or his professionals**.

---

[4] For the same reasons, Plaintiff's argument that the Fifth Circuit never approved the order authorizing domain name sales (Opp. p. 16-17) is contradicted by the Court's multiple rulings that proceeds from those sales be paid forward.

7

*Netsphere, Inc. v. Baron*, 2015 WL 1400543, at *10 (N.D. Tex. Mar. 27, 2015) (emphasis added). Despite this clear expression of broad dominion, Plaintiff argues that the District Court was referring only to further proceedings in *Netsphere*. Opp. p. 20. But the Northern District has twice cited this declaration of "exclusive jurisdiction" in the separate case Mr. Baron brought against the Receiver. *Baron v. Vogel*, 2015 U.S. Dist. LEXIS 128812, at *7; 2016 WL 1273465, at *3. The "exclusive jurisdiction" the Northern District declared refers to any lawsuit having any connection to the receivership, not just matters inside the *Netsphere* case.

Plaintiff also argues that the Northern District disclaimed jurisdiction over claims like Plaintiff's in a February 2014 order about winding down the receivership. This is not accurate. Plaintiff attached that Order to its Opposition at Exhibit 2 (Dkt. 102-2). In it, the District Court determined that it did not need to resolve questions concerning ownership of receivership assets that were held but not liquidated, and were to be relinquished. Ex. 2 at 2-3, 6-9. The Court expressly excluded the liquidated assets at issue here from its decision. *Id.* at 9. Indeed, it could not do otherwise given the Fifth Circuit's mandate. *See id.* That order has no bearing on the Court's statement of "exclusive jurisdiction," which applies to this case.

### 2. Plaintiff Cannot Establish Proper Venue In This District

Plaintiff concedes that it seeks to establish venue under 28 U.S.C. § 1391(b)(2), which provides for venue where "a substantial part of the events or omissions giving rise to the claim occurred." Opp. p. 23. Only one venue meets this requirement: the Northern District of Texas.

The purpose of statutory venue provisions "is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis in original). "It is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant." *McCaskey v. Cont'l Airlines,*

*Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).

Plaintiff does nothing to establish proper venue in this District. It speculates that it might be able to establish venue as to one Defendant, Opp. p. 24-26, but even if it could, that does not meet the controlling standard for the case as a whole. It speculates about what might have happened after the events giving rise to its claims, Opp. p. 24-25, but this is irrelevant even if it were founded. It argues that some Defendants' websites are available nationwide, Opp. p. 25, but that is not the grounds for any of its pleaded claims, let alone all of them.

There is only one District that meets the requirements of § 1391(b)(2) for all Defendants, because there is only one District in which a substantial part of the events giving rise to all of Plaintiff's claims arose: the Northern District of Texas. That District created the receivership, authorized the domain name sales, and disbursed the assets therefrom to pay receivership fees pursuant to the Fifth Circuit's mandate. Plaintiff has stated multiple times, with emphasis, that its claims are predicated on that District Court's actions. *E.g.*, Opp. p. 7, 21. This means the Court must dismiss this action under § 1391(b)(2), or transfer it to the Northern District of Texas "in the interest of justice" pursuant to § 1406(a).

### 3. The Northern District Of Texas Is Also More Convenient

Plaintiff argues that Defendants cannot establish good cause to transfer under *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). But Plaintiff's statements prove the opposite. Plaintiff concedes: "The relevant and central legal and factual issues have already been mainly decided." Opp. p. 26. Those decisions arose out of litigation in the Northern District, and the Fifth Circuit's mandate thereto. In such circumstances, two *Volkswagen* factors should predominate: the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws. 545 F.3d at 315. *See, e.g., Jackson v. Intel Corp.*, No. 2:08-cv-154, 2009 U.S. Dist. LEXIS 22117, at *12-14 (E.D. Tex. March 19,

2009) (transferring because "the knowledge and experience that the judges of [transferee district] have developed . . . cannot easily be replicated in this district without a substantial duplication of effort"); *Ross v. Institutional Longevity Assets LLC*, No. 12-102-LPS-CJB, 2013 U.S. Dist. LEXIS 134730, at *24-32, *45 (D. Del. Sep. 20, 2013) (transferring under analogous circumstances including similar issues having been decided in transferee district; observing that previous unfavorable rulings in transferee district demonstrated "forum shopping"), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 147103 (D. Del. Oct. 11, 2013).

Moreover, another case presenting the same issues is already pending in the Northern District, having been transferred from the Eastern District of Virginia. *Associated Recovery, LLC v. John Does 1-44*, Case No. 3:16-cv-01025-L. This implicates the *Volkswagen* practicality factor. "Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 768-770 (E.D. Tex. 2009) (transferring case because "judicial economy is best served if [actions] are before same Court in order to avoid competing orders, duplicative discovery, and any other host of issues inherent in litigating similar actions in two different venues"). Plaintiff has not moved to transfer its Northern District case to this District. This, too, favors transfer if the Court declines to dismiss.

## II. CONCLUSION

Defendants respectfully request the Court dismiss Plaintiff's claims with prejudice or, in the alternative, transfer this action to the Northern District of Texas. Defendants respectfully continue to reserve the right to seek fees and costs.

Dated:  October 6, 2016            Respectfully submitted,

By: */s/ Joel C. Boehm*
   Joel Christian Boehm
   Texas Bar No. 24069393
   WILSON SONSINI GOODRICH & ROSATI
   900 South Capital of Texas Hwy
   Las Cimas IV, Fifth Floor
   Austin, TX 78746-5546
   T:  (512) 338-5400
   jboehm@wsgr.com
   *Counsel for Slice Technologies, Inc.*

By: */s/ Steven M. Geiszler*
   Steven M. Geiszler
   Texas Bar No. 24032227
   DENTONS US LLP
   2000 McKinney Avenue, Suite 1900
   Dallas, Texas 75201-1858
   T: (214) 259-0951
   steven.geiszler@dentons.com
   *Counsel for Creation Media, LLC; Unicorn Ranch, LLC (successor to Onig, LLC); Adam Strong; Strong, Inc.; True Magic, LLC; and Virtual Investments, LLC*

By: */s/ William R. Lamb*
   William Robert Lamb
   GILLAM & SMITH
   303 S. Washington Avenue
   Marshall, Texas  75670
   T: (903) 934-8450
   wrlamb@gillamsmithlaw.com
   *Counsel for Power Home Technologies, LLC*

By: */s/ M. Scott Fuller*
   Michael Scott Fuller
   LOCKE LORD LLP
   2200 Ross Avenue, Suite 2800
   Dallas, TX 75201
   T:  (214) 740-8000
   sfuller@lockelord.com
   *Counsel for CBRE Group, Inc.*

By: */s/ Brian H. Pandya*
  Brian H. Pandya
  WILEY REIN LLP
  1776 K Street NW
  Washington, DC 20006
  T: (202) 719-7457
  bpandya@wileyrein.com
  *Counsel for Telepathy, Inc.*

By: */s/ R. William Beard, Jr.*
  R. William Beard, Jr.
  SLAYDEN GRUBERT BEARD PLLC
  401 Congress Avenue, Suite 1900
  Austin, Texas 78701
  T: (512) 402-3556
  wbeard@sgbfirm.com
  *Counsel for State Farm Mutual Automobile Insurance Company*

By: */s/ Franklin M. Smith*
  Franklin M. Smith
  DICKINSON WRIGHT PLLC
  2600 W. Big Beaver Rd., Suite 300
  Troy, Michigan 48084
  T: (248) 433-7393
  fsmith@dickinsonwright.com
  *Counsel for Priveco, Inc.*

By: */s/ Jennifer P. Ainsworth*
  Jennifer P. Ainsworth
  WILSON, ROBERTSON & CORNELIUS, P.C.
  909 ESE Loop 323, Suite 400
  Tyler, Texas 75701
  (903) 509-5000 Main
  (903) 509-5092 Fax
  jainsworth@wilsonlawfirm.com
  *Counsel for Tumult, Inc.*

By: */s/ Darin M. Klemchuk*
   Darin Michael Klemchuk
   KLEMCHUK LLP
   Campbell Centre II
   8150 North Central Expressway, 10th Floor
   Dallas, Texas 75206
   T: (214) 367-6000
   darin.klemchuk@klemchuk.com
   *Counsel for Radical Investments Management, LLC*

By: */s/ Mark Levine*
   Mark Levine
   WEYCER, KAPLAN, PULASKI & ZUBER P.C.
   11 Greenway Plaza, Suite 1400
   Houston, Texas 77046
   T: (713) 961-9045
   mlevine@wkpz.com
   *Counsel for Quinn Veysey*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 6, 2016.

                                                                    */s/: Joel C. Boehm*
                                                                    Joel C. Boehm