**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**Marshall Division**

| | | |
|---|---|---|
| **ASSOCIATED RECOVERY, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:16-cv-126-JRG-RSP** |
| | § | |
| **LINDA BUTCHER, et. al.,** | § | |
| *Defendants.* | § | |

**PLAINTIFF's RESPONSE IN OPPOSITION TO**
**ALANSIS.COM, INC.'s MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, MOTION TO TRANSFER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Associated Recovery, LLC (which is hereinafter referred to as "Associated Recovery"), and in response to Defendant Alansis.com, Inc.'s Motion to Dismiss or in the Alternative, Motion to Transfer (Dkt. 119), would show the Court the following:

**A.     PRELIMINARY DISCUSSION OF THE SUBJECT MOTION**

It is not entirely clear exactly what relief Defendant Alansis.com, Inc. (which is hereinafter referred to as "Alansis") seeks through its Motion to Dismiss or in the Alternative, Motion to Transfer.  Alansis moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b) without specifying which of the seven defenses enumerated in that rule it is asserting.  Dkt. 119 at 1 of 3.  Alansis does state that it "specifically joins in the Defendants' Consolidated Motion to Dismiss or, in the Alternative, Motion to Transfer (Dkt. 94, the "Consolidated Motion") and Reply in Support of the Consolidated Motion (Dkt. 108)."  *Id.*  Associated Recovery understands such statement to mean that Alansis is joining the referenced motion pursuant to Federal Rule of

Civil Procedure 12(g)(1).

Alansis also references the following motions filed by other parties in this civil action, and "hereby incorporates all of the applicable arguments in those motions, and their respective reply briefs, as if pled in this motion":

1.      Motion and Memorandum of Law in Support of Defendants' DGB Partners, Inc. and Linda Butcher Motion to Dismiss for Improper Venue Under Rules 12(b)(1) and 12(b)(3) and/or Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Dkt. 52);

2.      Defendant, Lookout, Inc.'s Motion to Dismiss Under R12(b), Alternatively, to Transfer in Interest of Justice, and Supporting Briefing (Dkt. 66);

3.      All-Pro Fastners, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Transfer Venue and Brief in Support (Dkt. 73); and

4.      Buyers International Group, LLC's Special Appearance for the Purpose of Filing a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue and Brief in Support (Dkt. 89).

*Id.*

It is unclear whether Alansis has "joined" in those motions in the sense contemplated by Rule 12(g)(1).  Particularly, since some of the defenses asserted in those motions are specific to the respective movant to those motions (e.g. the purported motion to dismiss for lack of personal jurisdiction Buyers International Group, LLC asserted pursuant to Rule 12(b)(2)).

Alansis does "agree that Plaintiff has failed to state a claim upon which relief can be granted; that those claims are barred by the applicable statue of limitations; that the Plaintiff lacks standing; has failed to join necessary parties to this action; and has selected an improper venue [and] […] in the alternative, the Court should transfer this action to the Dallas Division of

the United States District Court for the Northern District of Texas." *Id* at 2 of 3.   Thus, Associated Recovery understands that Alansis seeks dismissal pursuant to Rule 12(b)(1), (6), and (7), or alternatively, dismissal or a transfer of the venue of this civil action pursuant to Rule 12(b)(3).

Alansis's Motion to Dismiss or in the Alternative, Motion to Transfer (Dkt. 119) does not conform to the requirement of Local Rule CV-7(a) because it effectively combines three separate non-alternative motions into a single document (*e.g.,* the motions asserting defenses pursuant to Rule 12(b)(1), (6), or (7)).   Nor do any of those three case dispositive motions comply with the requirement of Local Rule CV-7(a)(1) to "contain a statement of issues to be decided by the Court."

**B.**   **OBJECTIONS TO AND REQUEST FOR THE EXCLUSION OF MATTERS OUTSIDE OF THE PLEADINGS, OR ALTERNATIVELY, REQUEST FOR NOTICE OF THE COURT'S CONVERSION OF ALANSIS'S RULE 12(B)(6) MOTION INTO A MOTION FOR SUMMARY JUDGMENT AND FOR AN OPPORTUNITY TO PRESENT MATERIAL SUMMARY JUDGMENT EVIDENCE**

In deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.   *See Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996).

Federal Rule of Civil Procedure 12(d) provides in part:

> **Result of Presenting Matters Outside the Pleadings.**   If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56.   All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The conversion of a Rule 12(b)(6) motion to a summary judgment takes place "whenever matters

outside the pleading are presented to and accepted by the court" *See Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414 (5th Cir.1980) *citing and quoting* 5 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1366 at 675 (2nd ed. 1980).

If a court converts a Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 12(d), the respondent to such motion must be given notice to prevent unfair surprise and allow a meaningful opportunity to present controverting summary judgment evidence, and in some cases to even conduct discovery to develop such evidence. *See Hickey v. Arkla Industries, Inc.,* 615 F.2d 239, 240 (5th Cir. 1980) (per curiam); *Underwood v. Hunter*, 604 F.2d 367, 369 (5th Cir. 1979) (per curiam). *Accord. E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 448 (4th Cir. 2011). In combination with Local Rule CV-7(e), the "reasonable opportunity" requirement of Rule 12(d) would seem to require this Court to allow the respondent to a Rule 12(b)(6) motion converted into a motion for summary judgment at least fourteen (14) days after notification of the conversion to file a response and any supporting evidence. *Cf. Arkla Industries, Inc.,* 615 F.2d at 240 (The "reasonable opportunity" requirement of Rule 12(b), which is now set forth in Rule 12(d), in combination with the requirement that motions for summary judgment be served at least ten (10) days prior to the hearing date formerly set forth in Rule 56(c) "establish[ed] that, as a rule of thumb, parties are entitled to 10 days notice that a 12(b)(6) motion is being treated as a Rule 56 motion for summary judgment.").

With respect to the Rule 12(b)(6) motion asserted in the Consolidated Motion to Dismiss or, in the Alternative, Transfer (Dkt. 94) in which Alansis has expressly joined pursuant to Rule 12(g)(1), Associated Recovery objects to and respectfully requests the Court to exclude all "matters outside of the pleadings" (as that concept is defined in Rule 12(d)) presented in connection with such Consolidated Motion and in Alansis's Motion to Dismiss or in the

Alternative, Motion to Transfer (Dkt. 119), specifically including the Declaration of Steven M. Geiszler (Dkt 94-1), Defendants' Exhibits A through D attached to the declaration (Dkt. 94-2, 94-3, 94-4, and 94-5), and each unsupported "assertion of fact" (as that concept is used in Federal Rule of Civil Procedure 56(c) and (e)) outside of Associated Recovery's Amended Complaint (Dkt. 15) set forth in the Consolidated Motion (Dkt. 94) or Alansis's Motion (Dkt. 119).

To the extent the Court concludes that Alansis has "joined" in the Rule 12(b)(6) motions asserted by Defendant Lookout, Inc. (Dkt. 66), Defendant All-Pro Fasteners, Inc. (Dkt. 73), and Defendant Buyers International Group, LLC (Dkt. 89) pursuant to Rule 12(g)(1), Associated Recovery also objects to and respectfully requests the Court to exclude all "matters outside of the pleadings" presented in connection with each of those other motions, specifically including the Declaration of Irene Liu (Dkt. 66-1), Exhibit D-1 (Dkt. 66-2), Exhibits 1 through 5 (Dkt. 66-3, Dkt. 66-4, Dkt. 66-5, Dkt. 66-6, and Dkt. 66-7), Exhibits 1 through 3 (Dkt. 73-1, Dkt. 77-2, and Dkt. 77-3), Exhibits 1 through 4 (Dkt. 89-1, Dkt. 89-2, Dkt. 89-3, and Dkt. 89-4) and each unsupported "assertion of fact" (as that concept is used in Federal Rule of Civil Procedure 56(c) and (e)) outside of Associated Recovery's Amended Complaint (Dkt. 15) set forth in any of those motions.

After sustaining the forgoing objections to and excluding all "matters outside of the pleadings" presented in connection with Alansis's Motion (Dkt. 119), the Consolidated Motion (Dkt. 94), and the Rule 12(b)(6) motions asserted by Defendant Lookout, Inc. (Dkt. 66), Defendant All-Pro Fasteners, Inc. (Dkt. 73), and Defendant Buyers International Group, LLC (Dkt. 89), the Court should refuse to convert any of those motions into a motion for summary judgment pursuant to Rule 12(d) because none of those motions meet the requirements set forth

in Local Rule CV-56(a) or (d).

Strictly in the alternative, Associated Recovery requests the Court to provide notice of the Court's conversion of Alansis's Motion (Dkt. 119) into a motion for summary judgment and for a reasonable opportunity to present material summary judgment evidence and a response to such motion for summary judgment at least fourteen (14) days after such notice is provided to Associated Recovery pursuant to Rule 12(d) and Local Rule CV-7(e).

C.    THE GIST OF SELECT FACTUAL ALLEGATIONS IN ASSOCIATED RECOVERY'S AMENDED COMPLAINT

In Associated Recovery's amended complaint, Associated Recovery alleges the following facts:

1.     Associated Recovery is a limited liability company, which was organized under the law of the state of Wyoming and with its principal place of business in that state as well (Dkt. 15 at 3 of 32);

2.     Prior to and during the year 2004, the domain names that are the subject of this civil action were originally registered (Dkt. 15 at 20 of 32);

3.     During a period beginning at some point before November of 2010 and continuing through December 24, 2015, Novo Point, LLC and Quantec, LLC owned all right, title and interest in those domain names and were the registrants of those domain names (Dkt. 15 at 3-4, 20-22, 25 of 32);

4.     In November of 2010, in a civil action pending in the United States District Court for the Northern District of Texas, such District Court issued an order purporting to establish a receivership, appoint a receiver and grant exclusive possession and control over Novo Point, LLC's and Quantec, LLC's domain names in a civil action, not

withstanding the fact that neither Novo Point, LLC nor Quantec, LLC was a party to such civil action (Dkt. 15 at 21-22 of 32);

5.      At various points during the period beginning no earlier than November of 2010 and ending well before December 18, 2012, the District Court issued orders in the above referenced civil action:

   a.      Authorizing the receiver to sell Novo Point, LLC's and Quantec, LLC's domain names (Dkt. 15 at 21-23 of 32); and

   b.      Appointing an individual named Damon Nelson to assist the receiver as the manager of Novo Point, LLC's and Quantec, LLC's domain names (Dkt. 15 at 22-23 of 32);

6.      Although neither Novo Point, LLC nor Quantec, LLC was a party to such civil action, both Novo Point, LLC and Quantec, LLC appealed the District Court's order purportedly granting the exclusive rights of possession, control, and management over over Novo Point, LLC's and Quantec, LLC's domain names to the receiver immediately after the issuance of such order (Dkt. 15 at 21-22 of 32);

7.      At various points after the District Court issued its order appointing Damon Nelson to assist the receiver as the manager of Novo Point, LLC's and Quantec, LLC's domain names, and after Novo Point, LLC and Quantec, LLC appealed the District Court's order of November of 2010, but well before December 18, 2012, the receiver acting through Damon Nelson entered into a separate transaction purporting to transfer ownership of a domain name or domain names from Novo Point, LLC and Quantec, LLC to each Defendant or predecessor-in-interest of each (Dkt. 15 at 4-17, 22-23, 30 of 32; Dkt. 15-1);

8.      Neither Novo Point, LLC nor Quantec, LLC were informed or had actual

knowledge of any such transaction purporting to transfer of ownership of any domain name to any Defendant or predecessor-in-interest of any Defendant prior to the closing of any such transaction, and neither Novo Point, LLC nor Quantec, LLC authorized or ratified any such purported transfer of ownership at any point (Dkt. 15 at 22-23, 30 of 32);

9.     Prior to the closing of each such transaction purporting to transfer ownership of any domain name to a Defendant or predecessor-in-interest of a Defendant, such Defendant or predecessor-in-interest had actual knowledge that:

a.     Novo Point, LLC and Quantec, LLC claimed they owned the domain names and the District Court's order of November of 2010, purportedly granting the exclusive rights of possession, control and management over Novo Point, LLC's and Quantec, LLC's domain names to the receiver, and each order purportedly authorizing the receiver to sell such domain names through Damon Nelson were *void ab initio* and never had any actual legal force or effect because neither Novo Point, LLC nor Quantec, LLC was ever a party to the civil action (Dkt. 15 at 2-3, 22-23, 30 of 32);

b.     Novo Point, LLC and Quantec, LLC claimed that, in reality, neither the receiver nor Damon Nelson ever had any actual legal right to possess, control or manage any of the domain names whatsoever, or the ability to effectuate any legally valid transfer of any right, title or ownership interest in any of the domain names  (Dkt. 15 at 23, 30-31 of 32); and

c.     Novo Point, LLC's and Quantec, LLC's appeal of the District Court's order based upon each such claim and the risk that a reversal of any above-referenced order by the United States Court of Appeals for the Fifth Circuit could

conclusively establish as a matter of law that, in reality, no purported transfer of ownership of any domain name to a Defendant or predecessor-in-interest of a Defendant ever actually divested Novo Point, LLC or Quantec, LLC of any right, title, or ownership interest in such domain name or effectuated any legally valid transfer of any right, title or ownership interest in such domain name or had any legal effect with respect to any such right, title or ownership interest whatsoever (Dkt. 15 at 22-23, 30 of 32);

10.     Such actual awareness of the risk posed by Novo Point, LLC's and Quantec, LLC's above-described claims and appeals led one or more of the Defendants or predecessors-in-interest of a Defendant to negotiate with Damon Nelson to provide express warranties of title and to assume an obligation to indemnify such Defendant(s) or predecessor(s)-in-interest against monetary loss in the written agreement(s) purportedly selling a domain name or domain names to such Defendant(s) or predecessor(s)-in-interest, but Damon Nelson refused to do so, and none of the agreements include any express warranty of title or provision obligating Damon Nelson to indemnify a Defendant or predecessor-in-interest – in fact, on the contrary, each such agreement includes an express disclaimer of any warranty whatsoever (Dkt. 15 at 23 of 32);

11.     In view of the above-described risks, the absence of any express warranty of title or provision obligating Damon Nelson to indemnify a Defendant or predecessor-in-interest of a Defendant, and the above-described express disclaimer of any warranty, the monetary consideration paid by each Defendant or predecessor-in-interest for each purported transfer of ownership of a domain name was well below the value of the domain name to Novo Point, LLC and Quantec, LLC and also well below what the fair market value of such domain name would have been if such risks did not exist – more

specifically, each Defendant or predecessor-in-interest paid less than 1% of what the fair market value would have been conditions free of such risks (Dkt. 15 at 24 and 30 of 32);

12.     After each transaction purporting to transfer ownership of a domain name or domain names from Novo Point, LLC and Quantec, LLC to a Defendant or a predecessor-in-interest of a Defendant, and without any legally valid authorization, such Defendant or predecessor-in-interest unlawfully assumed and exercised control over such domain name(s) to the exclusion of, or inconsistent with Novo Point, LLC's and Quantec, LLC's right, title and ownership interest in various, specifically alleged, factual matters, including entering into transactions purporting to transfer ownership of domain names to certain Defendants and predecessors-in-interest to certain Defendants (Dkt. 15 at 24-27 of 32);

13.     On December 18, 2012, the United States Court of Appeals for the Fifth Circuit issued a single opinion concerning numerous separate and joint appeals by various parties and non-parties affected by the above-referenced orders of the District Court, specifically including:

     a.     Novo Point, LLC's and Quantec, LLC's appeal of the District Court's order purporting to grant the exclusive rights of possession, control, and management over Novo Point, LLC's and Quantec, LLC's domain names to the receiver (Dkt. 15 at 21-22 of 32); and

     b.     Appeals of the District Court's order authorizing the receiver to sell Novo Point, LLC's and Quantec, LLC's domain names and the one appointing Damon Nelson to assist the receiver as the manager of Novo Point, LLC's and Quantec, LLC's domain names (Dkt. 15 at 22-23 of 32);

14.     On April 19, 2013, the Fifth Circuit reversed each of the District Court's above-referenced orders through a separate judgment with respect to each appeal of each such order and the mandate on each such judgment (Dkt. 15 at 2-3 and 21-23 of 32);

15.     In the above-referenced opinion, the Fifth Circuit explained that the District Court never had subject-matter jurisdiction over any of the domain names because no issue concerning any such domain name had ever been raised in the civil action independently from those pertaining to the receivership-related orders and neither Novo Point, LLC nor Quantec, LLC was ever even a party in the action, and thus, the District Court never had any power to issue any of the above-referenced orders (Dkt. 15 at 21-23 of 32);

16.     On or about December 24, 2015, Novo Point, LLC and Quantec, LLC transferred all right, title and ownership interest in the domain names, certain related intangible property, and some of the causes of action that are the subject of this civil action to Associated Recovery (Dkt. 15 at 3-4, 20-23, and 25-26 of 32);

17.     At some point after Associated Recovery owned the domain names, related intangible property, and some of the causes of action that are the subject of this action, Associated Recovery demanded that each Defendant return each domain name that purportedly been sold to the Defendant or a predecessor-in-interest of the Defendant by the receiver through Damon Nelson, and cease exercising control over such domain name to the exclusion of, or inconsistent with Associated Recovery's right, title and ownership interest in the domain names, and each Defendant has refused to return any such domain name and continues exercising control over such domain name to the exclusion of, or inconsistent with Associated Recovery's right, title and ownership interest in the domain names (Dkt. 15 at 3 and 26-31 of 32);

18.     Associated Recovery alleges that it is entitled to recover damages from each of

the Defendants and obtain various other forms of relief with respect to the domain names in its capacity as the assignee of Novo Point, LLC nor Quantec, LLC and in its own capacity as the owner of all right, title and interest to the domain names and other property that are the subject of this suit under various applicable legal theories of recovery (Dkt. 15); and

19.    Associated Recovery alleges that this Court has personal jurisdiction over each Defendant and subject matter jurisdiction over this civil action based upon various factual allegations and references to specific statutory authority conferring jurisdiction, and alleges that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant Linda Butcher is an individual who resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, among other facts (Dkt. 15 at 4, and 19-20  of 32).

**D.    THE LEGAL STANDARDS APPLICABLE TO RULINGS UPON RULE 12(B)(6) MOTIONS AND the UTTER DISREGARD OF SUCH STANDARDS BY ALANSIS AND EACH DEFENDANT ASSERTING A RULE 12(B)(6) MOTION IN WHICH ALANSIS HAS JOINED**

When ruling on a defendant's motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555-56 (2007).  The court must indulge all inferences in favor of the Plaintiff *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

As stated above, *supra* at 1, while Alansis expressly joins the in the Consolidated Motion (Dkt. 94) and Reply in Support of the Consolidated Motion (Dkt. 108), pursuant to Rule 12(g)(1), it is unclear whether Alansis also joins in the following motions:

1.      Motion and Memorandum of Law in Support of Defendants' DGB Partners, Inc. and Linda Butcher Motion to Dismiss for Improper Venue Under Rules 12(b)(1) and 12(b)(3) and/or Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Dkt. 52);

2.      Defendant, Lookout, Inc.'s Motion to Dismiss Under R12(b), Alternatively, to Transfer in Interest of Justice, and Supporting Briefing (Dkt. 66);

3.      All-Pro Fastners, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Transfer Venue and Brief in Support (Dkt. 73); or

4.      Buyers International Group, LLC's Special Appearance for the Purpose of Filing a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue and Brief in Support (Dkt. 89).

Associated Recovery hereby expressly adopts by reference and incorporates its response in opposition to the consolidated motion (Dkt. 102) and each exhibit thereto (Dkt.102.1, Dkt.102.2, Dkt.102.3, and Dkt.102.4) in their entirety.

To the extent the Court concludes that Alansis has joined in the motions filed by Defendant Lookout, Inc. (Dkt. 66), Defendant All-Pro Fasteners, Inc. (Dkt. 73), and Defendant Buyers International Group, LLC (Dkt. 89) pursuant to Rule 12(g)(1), Associated Recovery also hereby expressly adopts by reference and incorporates its response in opposition to each such motion (Dkt. 84, Dkt. 92, and Dkt. 98) and each exhibit thereto (Dkt. 84.1, Dkt. 98.1, Dkt. 98.2, Dkt. 98.3 and Dkt. 98.4) in their entirety.

With respect to the Rule 12(b)(6) motions asserted by Alansis, Defendant Lookout, Inc. (Dkt. 66), Defendant All-Pro Fasteners, Inc. (Dkt. 73), and Defendant Buyers International Group, LLC (Dkt. 89) and in those Defendants joined in the Consolidated Motion (Dkt. 94), such

movants utterly disregard the standards applicable by which such motions are to be evaluated as discussed *supra* at 12.   More specifically, each of those movants effectively argue that virtually none of the factual allegations in Associated Recovery's Amended Complaint (Dkt.15), as summarized *supra* at 6-12 are true and that facts have purportedly been judicially established as a matter of law completely to the contrary of Associated Recovery's factual allegations.

The following passage from Alansis's motion (Dkt. 119 at 1-2 of 3) is a perfect example of such inappropriate argument:

> The gravamen of this case is the claim that the "Northern District of Texas issued numerous orders permitting the receivership to sell the Subject Domain Names ("Domain Sales")." The question of whether the Plaintiff has the right to the relief it has requested is a question for the Northern District of Texas Case No. 3-09-cv-00988 or the Fifth Circuit Court of Appeals in an appeal from that Northern District case.  Whether that court improperly placed the Subject Domain Names, and other domain names, under the control of a receivership in that case is simply not a proper controversy for a parallel case in another district.   If these orders were improper, the only remedy should be an appeal of those orders.   But the plaintiff in that case did not appeal.   Therefore since the original plaintiff did not appeal, the Plaintiff in this case – the alleged successor in interest to the plaintiff in the Northern District Case No. 3-09-cv-00988 – is bound by its predecessor in interest's decision not to appeal.
>
> (internal citations omitted).

In short, Alansis makes unsupported arguments about fact that are completely contrary to both the factual allegations in Associated Recovery's Amended Complaint (Dkt. 15), as summarized *supra* at 6-12 and to facts that are readily demonstrable as not being reasonably subject to dispute.

E.     **ASSOCIATED RECOVERY CONDITIONAL PRESENTATION OF MATTERS OUTSIDE ITS PLEADING CONCLUSIVELY ESTABLISHING FACTS SHOWING IT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE PRIMARY ISSUES ALANSIS AND THE OTHER**

**MOVANTS RAISE THROUGH THEIR 12(B)(6) MOTIONS**

Although Associated Recovery objects to Atlansis's and the other movants present outside of the pleadings and requests the Court to exclude such matters, *supra* at 3-6, strictly in the alternative, presents matters outside of the pleadings establishing that in reality, the facts are actually more favorable to Associated Recovery than the factual allegations in its Amended Complaint (Dkt. 15), as summarized *supra* at 6-12.  The exhibits attached to this response, which are true and correct copies of the following records filings in the material underlying civil action in the United States District Court for the Northern District of Texas and the appeals of various orders issued in by the District Court in such civil action to the United States Court of Appeals for the Fifth Circuit conclusively establish the following facts:

1.      Associated Recovery's alleged predecessors-in-interest, Novo Point, LLC and Quantec, LLC are two actual but distinct legal entities, which were owned by a trust established for the sole benefit of Jeffrey Baron (*See* Exhibit 1 at 9 and 11);

2.      The domain names that were subject of this suit were owned by Novo Point, LLC and Quantec, LLC, and the District Court never had subject-matter jurisdiction over any of the domain names because no issue concerning any such domain name had ever been raised in the civil action independently from those pertaining to the receivership-related orders and neither Novo Point, LLC nor Quantec, LLC was ever even a party in the action, and thus, the District Court never had any power to issue any of the above-referenced orders (*See* Exhibit 1 at 20-21);

3.      On November 24 2010, and December 17, 2010, the United States District Court for the Northern District of Texas issued an orders purporting to establish a receivership, appoint a receiver and grant exclusive possession and control over Novo Point, LLC's

and Quantec, LLC's domain names in a civil action, not withstanding the fact that neither Novo Point, LLC nor Quantec, LLC was a party to such civil action (*See* Exhibit 2 and 3);

4.      Novo Point, LLC and Quantec, LLC and Jeff Baron appealed the District Court's order purporting to grant the exclusive rights of possession, control, and management over Novo Point, LLC's and Quantec, LLC's domain names to the receiver, and the Fifth Circuit reversed each such order for the reasons stated *supra* in item 2 (*See* Exhibit 2 and 3);

5.      On February 4, 2011, the District Court issued an order authorizing the receiver to sell Novo Point, LLC's and Quantec, LLC's domain names (*See* Exhibit 4);

6.      On December 2, 2010 and December 3, 2010, Novo Point, LLC and Quantec, LLC and Jeff Baron appealed the District Court's order purporting to authorize the receiver to sell Novo Point, LLC's and Quantec, LLC's domain names, and the Fifth Circuit reversed each such order for the reasons stated *supra* in item 2 (*See* Exhibit 4);

7.      On March 11, 2011 and April 22, 2011, the District Court issued orders appointing an individual named Damon Nelson to assist the receiver as the manager of Novo Point, LLC's and Quantec, LLC's domain names (*See* Exhibit 5 and 6);

8.      On April 19, 2011, Novo Point, LLC and Quantec, LLC and Jeff Baron appealed the District Court's order of March 11, 2011, purportedly appointing an individual named Damon Nelson to assist the receiver as the manager of Novo Point, LLC's and Quantec, LLC's domain names, and the Fifth Circuit reversed each such order for the reasons stated *supra* in item 2 (*See* Exhibit 5 and 6), and the on February 18, 2014 vacated the District Court's order of April 22, 2011, purportedly appointing an individual named Damon Nelson to assist the receiver as the manager of Novo Point, LLC's and Quantec,

LLC's domain names (*See* Exhibit 5 and 6);

9.      On January 31, 2012, and on May 3, 2012, the District Court issued orders purportedly authorizing the receiver to sell Novo Point, LLC's and Quantec, LLC's domain names and liquidate assets (*See* Exhibit 7 and 8);

10.     On February 7, 2012 and June 22, 2012, Novo Point, LLC and Quantec, LLC and Jeff Baron appealed the District Court's order purporting to authorize the receiver to sell Novo Point, LLC's and Quantec, LLC's domain names, and the Fifth Circuit reversed each such order for the reasons stated *supra* in item 2, (*See* Exhibit 7 and 8);

11.     On December 18, 2012, the United States Court of Appeals for the Fifth Circuit issued a single opinion concerning numerous separate and joint appeals by various parties and non-parties affected by the above-referenced orders of the District Court (*See* Exhibit 1);

12.     On April 19, 2013, the Fifth Circuit reversed each of the District Court's above-referenced orders through a separate judgment with respect to each appeal of each such order and the mandate on each such judgment (*See* Exhibits 1-8).


WHEREFORE PREMISES CONSIDERED Associated Recovery respectfully requests the Court to deny all relief requested in Alansis's Motion to Dismiss or in the Alternative, Motion to Transfer (Dkt. 119), and to grant such other relief to which Associated Recovery is entitled.

Respectfully submitted,

/s/ Luiz Felipe Oliveira
LUIZ FELIPE OLIVEIRA
Reg. No. 5349923
Paul Grandinetti
Rebecca J. Stempien Coyle
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Tel:  (202) 429-4560
Fax: (202) 429-4564
mail@levygrandinetti.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

On the 6th day of January, 2017, at approximately ____ p.m., a true and correct copy of the foregoing document was electronically submitted to the Clerk of Court for the United States District Court for the Eastern District of Texas, using the ECF system.  I hereby certify that I have served the lead counsel in charge for Defendant Alansis.com, Inc., Brian Casper, Esquire, and counsel of record for all other parties through the Court's electronic filing and service system in accordance with Local Rule CV-5.

*Linda Butcher, et al.*
*DGB Partner, Inc.*
Jason James Richerson
RICHERSON LAW FIRM
306 East Randol Mill, Suite 160
Arlington, Texas 76011
info@richersonlawfirm.com

*Tumult, Inc.*
Jennifer Parker Ainsworth
WILSON ROBERTSON & CORNELIUS PC
909 ESE Loop 323, Suite 400
P.O. Box 7339
Tyler, Texas 75711
jainsworth@wilsonlawfirm.com

*Slice Technology, Inc.*
*f/k/a Project Slice, Inc.*
Joel Christian Boehm
WILSON SONSINI GOODRICH & ROSATI
900 S Capital of Texas Highway
Las Cimas IV, 5th Floor
Austin, Texas 78746
jboehm@wsgr.com

*True Magic, LLC,*
*Adam Strong,*
*Strong, Inc.,*
*Onig, LLC,*
*Virtual Investments, LLC,*
*Creation Media, LLC,*

*Priveco, Inc.*
Debra Elaine Gunter
FINDLAY CRAFT PC
102 N College Ave, Suite 900
Tyler, Texas 75702
dgunter@findlaycraft.com

Franklin Michael Smith
DICKINSON WRIGHT PLLC
2600 W Big Beaver Rd, Ste 300
Troy, MI 480084
fsmith@dickinsonwright.com

*CBRE Group, Inc.*
Michael Scott Fuller
Paul D Lein
LOCKE LORD LLP
2200 Ross Ave, Suite 2800
Dallas, TX 75201
sfuller@lockelord.com
plein@lockelord.com

*Electronic Arts, Inc.,*
*Power Home Technologies, LLC*
William Robert Lamb
GILLAM & SMITH LLP
303 S Washington Ave
Marshall, Texas 75670
wrlamb@gillamsmithlaw.com

*State Farm Mutual Automobile*

*Radical Investments Mgmt., LLC*
Darin Michael Klemchuk
Aaron Douglas Davidson
Corey Jennifer Weinstein
KLEMCHUK LLP
8150 N Central Expwy.
10th Floor
Dallas, TX 75206
darin.klemchuk@klemchuk.com
aaron.davidson@klemchuk.com
corey.weinstein@klemchuk.com

*Lookout, Inc.*
James Mark Mann
MANN TINDEL & THOMPSON
300 W Main St
Henderson, Texas 75652
mark@themannfirm.com

*Telepathy, Inc.*
Brian H Pandya
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
bpandya@wileyrein.com

*All-Pro Fasteners, Inc.*
Michael Edward Hassett
JONES HASSETT PC
440 North Center
Arlington, Texas 76011

*Media Options, Inc.*
Adam H Pierson
DENTONS US LLP
2000 McKinney Ave
Suite 1900
Dallas, Texas 75201
adam.pierson@dentons.com

*Quinn Veysey*
Mark Jeffrey Levine
WEYCER KAPLAN PULASKI & ZUBER
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
mlevine@wkpz.com

*Insurance Company*
R. William Beard, Jr.
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave
Suite 1900
Austin, Texas 78701
wbeard@sgbfirm.com

*Alansis Corporation*
*Alansis.com, Incorporated*
Brian Casper
CANTEY HANGER LLP
1999 Bryan St, Suite 3300
Dallas, Texas 75201
bcasper@canteyhanger.com

mhassett@joneshassett.com

*Buyers International Group, LLC*
Jerome A. Moore
24825 Little Mack Avenue
St Clair Shores, MI 48080
gpwjam@aol.com

*Fantasy Spin Game, LLC*
55 Chapel Street
Suite 30
Newton, Massachusetts 024568