UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
**Marshall Division**

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, | )<br>) |
| *Plaintiff*, | )<br>) |
| v. | )    Case No. 2:16-cv-00126-JRG-RSP |
| LINDA BUTCHER *et al.*, | )<br>)<br>) |
| *Defendants*. | )<br>) |

## MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW

Counsel of record for the Plaintiff, Associated Recovery, LLC, seeks leave of Court to withdraw as counsel for the Plaintiff pursuant to Local Rule CV-11(c) and for an Order staying any further activity in this Court pending transfer of this action to the U.S. District Court for the Northern District of Texas. Withdrawal can be accomplished without material adverse effect on the interest of the client and without unnecessary delay to the due administration of justice. This motion is supported by an accompanying memorandum and declaration of counsel.

Counsel for the Plaintiff has provided repeated verbal and written notice over months to the Plaintiff of the intent to withdraw. Counsel will provide reasonable assistance to the Plaintiff without charge in its transition to new counsel.

Present counsel will not enter an appearance in this action before the U.S. District Court for the Northern District of Texas.

**I.      Status of Proceedings**

This case was initiated by former counsel on February 8, 2016. On April 18, 2016, the Court granted an extension of time until June 22, 2016, to effect service. The Amended

Complaint in this matter was filed June 16, 2016. Counsel of record endeavored to obtain service, either personally, via the Secretary of State of Texas, or through other means, on each of the named Defendants.

There have been no answers filed to date. Rather, any defendant who has appeared filed a motion under FED. R. CIV. P. 12(b). Counsel for the Plaintiff has filed responses to all pending motions in this action.

On February 7, 2017, the Court issued its Memorandum Order ordering that this case be transferred to the Northern District of Texas.

There are no pending deadlines for briefing for the Plaintiff, conferences, hearings, or trial in this case.

**II.     Argument**

The Texas Rules of Professional Conduct Rule 1.15 provides six specific situations when counsel has good cause to voluntarily withdraw as well as a seventh catch-all provision. Specifically, Rule 1.15(b) states:

> [A] lawyer shall not withdraw from representing a client unless:
> (1)   withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2)   the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;
> (3)   the client has used the lawyer's services to perpetrate a crime or fraud;
> (4)   a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement;
> (5)   the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7)   other good cause for withdrawal exists.

Additionally, Rule 1.01 provides that a "lawyer shall not accept or continue employment in" legal matters in which the lawyer is constrained from providing competent representation.

Courts within the Fifth Circuit have permitted withdrawal of counsel despite a party's status as an entity. *See Rabin v. McClain*, 2011 U.S. Dist. LEXIS 95310 (W.D. Tex. Aug. 25, 2011); *Top Sales, Inc. v. Designer Vans, Inc.*, 1997 U.S. Dist. LEXIS 20347 (N.D. Tex. Dec. 11, 1997); and *Farasat v. RP Managing Partners, LLC*, 2013 U.S. Dist. LEXIS 195123 (N.D. Tex. Sept. 5, 2013).

In this action, it is unreasonably difficult for Counsel to continue employment and provide competent representation. At least provisions (1), (6), and (7) of Rule 1.15(b) are applicable.

The law firm Levy & Grandinetti has an Engagement Letter of December 26, 2015, with a principal of Associated Recovery to **serve as local counsel** in an *in rem* litigation in the District Court for the **Eastern District of Virginia**. This Engagement Letter specifically **excludes** providing substantive services to Associated Recovery in any action brought by Associated Recovery's original counsel in Texas. Neither Counsel, Mr. Luiz Felipe Oliveira nor the firm Levy & Grandinetti, has any other engagement letter with Associated Recovery or its principal.

Associated Recovery's original counsel filed the original complaint for this matter on February 8, 2016, but did not request summons for service of the complaint. The firm Levy & Grandinetti attempted to assist Associated Recovery in the service of the complaint while Associated Recovery found other counsel.

The firm of Levy & Grandinetti acquired the services of a contract attorney, Mr. Oliveira, to obtain the summons for this action and begin the process of serving the Defendants. On or

about April 14, 2016, Mr. Oliveira attempted to obtain the summons but was unable to do so without entering an appearance, which was entered on April 15, 2016.  This entrance of an appearance was not made with an intention of Mr. Oliveira or the firm Levy & Grandinetti to assume overall responsibility for this action.  This intent not to assume overall responsibility for this action was immediately explained to the principal of Associated Recovery and subsequently repeated many times to this principal.  Specifically, counsel advised Associated Recovery in writing of the need to withdraw at least ten times from August 30, 2016, through January 12, 2017.

      Associated Recovery has made good faith efforts on two occasions to acquire other counsel and continues to do so.  Regardless, Mr. Oliveira does not work for the firm Levy & Grandinetti and has numerous other obligations to perform for the firm DNL Zito.  The firm Levy & Grandinetti, due to many other pre-existing commitments, simply does not have the personnel or other resources to prosecute this action in a competent manner.  Therefore, it is unreasonably difficult for counsel or the firm Levy & Grandinetti to perform its employment for Associated Recovery effectively.  Counsel requests leave to withdraw from this action.

      Counsel and the firm Levy & Grandinetti request the Court to stay any further activity in this Court pending transfer of this action to the U.S. District Court for the Northern District of Texas.

      This case is in its infancy.  There are currently no pending motions, hearing, conferences, or trial dates in this matter.  Rather, the February 7, 2017, Memorandum Order of the Court has directed the transfer of the case to the Northern District of Texas.  Counsel for the Plaintiff believes that none of the Defendants will, therefore, be prejudiced by this withdrawal.

Counsel will provide reasonable assistance to the Plaintiff without charge in its transition to new counsel.

Present counsel will not enter an appearance in this action before the United States District Court for the Northern District of Texas.

This motion is not sought for the purpose of delay. This withdrawal should not significantly delay the prosecution of this matter, and an Order granting withdrawal should not have a material adverse effect on and of the parties to this action.

### III. Conclusion

Counsel requests leave to withdraw as counsel for Associated Recovery in this action.

Date: February 8, 2017          Respectfully submitted,

 /s/ Luiz Felipe Oliveira
Luiz Felipe Oliveira (Reg. No. 5349923)
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

**Attorneys for the Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 8, 2017.

 /s/ Luiz Felipe Oliveira
Luiz Felipe Oliveira