IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ASSOCIATED RECOVERY, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-126-JRG-RSP |
| | § | |
| **LINDA BUTCHER, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT, LOOKOUT, INC.'S REPLY (JOINTLY) TO
PLAINTIFF'S AND PLAINTIFF'S COUNSEL'S RESPONSES
TO DEFENDANT'S MOTION FOR SANCTIONS**

I. Introduction

Lookout's Motion for Sanctions is based on Associated Recovery's (and its principal's, attorneys' and predecessors') (1) persistent assertions of patently untenable positions in its pleadings, which have occurred through (2) a number of vexatious lawsuits designed to circumvent the Northern District of Texas's exclusive jurisdiction over any dispute related to its orders. Associated Recovery's and its counsel's respective responses each fail to refute either of these points. Sanctions are appropriate.

II. Argument

    a. Plaintiff's Claims Are Untenable

1. Associated Recovery and its counsel in their respective responses persist in their unsupportable claim that the Fifth Circuit rendered the domain name transfer void *ad initio*, by reversing the orders of the trial court that authorized the sale. (Dkt.#135, pg.10; Dkt.#133, pg.7.) Lookout's motion for sanctions already briefed this issue. Since then, the magistrate's opinion granting Lookout's motion to transfer acknowledged: "In *Netsphere II*, while the Northern

*Lookout, Inc.'s Reply (Jointly) To*
*Plaintiff's and Plaintiff's Counsel's*
*Responses to Defendant's Motion for Sanctions*     Page **1** of **6**

District of Texas recognized that the Fifth Circuit vacated the Receivership, it also understood that 'all Orders issued under the Receivership remain in effect until the Receivership is wound down.'" Dkt.#130, parts I.B.-I.C., pgs.6-7. The magistrate's opinion is consistent in this regard with the Fifth Circuit's own statement: "We point out that our opinion did not dissolve the receivership immediately." Appeal No. 10-11202, *Netsphere, Inc. v. Baron*, 2012 U.S. App. LEXIS 27248 (Dec. 31, 2012, clarification opinion).

2. In summary, therefore: (i) the Fifth Circuit clearly did not void the transfer of the domain name rights; (ii) the Northern District subsequently did not; and, (iii) Associated Recovery clearly is in privity with Novo Point, LLC, or with Jeffrey Baron as their assignee and, thus, subject to the res judicata and collateral estoppel preclusive effects of the *Netsphere v. Baron* and *Baron v. Vogel* cases. In any event, "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy," *Taylor v. Sturgell*, 553 U.S. 880, 895; 128 S. Ct. 2161; 171 L. Ed. 2d 155 (2008). Associated Recovery appears to be doing just that: relitigating in this case as nothing other than a proxy for Novo Point, LLC, or for Mr. Baron.

b. Plaintiff's Litigation Conduct Is Unreasonable and Vexatious

1. Associated Recovery's and counsel's responses fail to explain or justify their vexatious litigation strategy. The Northern District of Texas retained "**exclusive jurisdiction** of this case over any disputes that may arise concerning this or any earlier order . . . **or any controversy that arises from . . . the Receivership**." Memorandum Order, Dkt.#130, part I.D., pg.8 (emphasis original). Associated Recovery obviously is aware of the mandate, since Associated Recovery's Amended Original Complaint mentions it, s*ee* Dkt.#15, pg.22, ¶81, and it is subsequently addressed in Associated Recovery's response to Lookout's motion to dismiss, *see* Dkt.#84, pg.5. Yet, Associated Recovery (through its principal and its attorneys) chose to pursue this dispute as

*Lookout, Inc.'s Reply (Jointly) To*
*Plaintiff's and Plaintiff's Counsel's*
*Responses to Defendant's Motion for Sanctions*                                                              *Page 2 of 6*

a *separate* action in the *Eastern* District of Texas. As pointed out below, this proceeding is at least the *third* collateral attack, directly or by proxy, on the disposition of the receivership in the *Netsphere v. Baron* case, and it is a continuation of the vexatious tactics decried by the Fifth Circuit in *Netsphere* itself.

    2. As the Fifth Circuit in *Netsphere I* found, Mr. Baron engaged in "longstanding vexatious litigation tactics" that "presented the district court with an exceedingly difficult situation." *Netsphere, Inc. v. Baron*, 703 F.3d at 311. These vexatious tactics have morphed since then into various collateral attacks on the final disposition of the receivership in the *Netsphere* case. The first, *Baron v Vogel*, was brought against the receiver in state court even before the receivership was finally wound down. The removed action subsequently was dismissed with prejudice. The second, *Associated Recovery, LLC v. John Does 1-44*, was brought as an *in rem* action in the Eastern District of Virginia (the "*In Rem* Action"). It was transferred to the Northern District of Texas in accordance with Judge Lindsey's mandate, where it still is pending. Now, the third collateral attack, this *Associated Recovery* case, is brought in the Eastern District of Texas, despite Judge Lindsey's mandate and the earlier result in the Eastern District of Virginia.

    3. All three actions not only constitute collateral attacks on the *Netsphere v. Baron* proceeding, the latter two actions also are in direct derogation of Judge Lindsey's order, which expressly mandated jurisdiction over any controversy related to the receivership proceeding. Any one of the *Baron v Vogel* and the two *Associated Recovery* cases could have, and should have, been brought – if at all – in the Northern District of Texas, and Judge Lindsay's order expressly prohibited the two *Associated Recovery* cases from being brought anywhere else *than* the Northern District of Texas. Dkt.#130, part I.D., pg.8.

*Lookout, Inc.'s Reply (Jointly) To*
*Plaintiff's and Plaintiff's Counsel's*
*Responses to Defendant's Motion for Sanctions*                                                                                           Page **3** of **6**

4. Associated Recovery's counsel in this action are also Associated Recovery's counsel in the *In Rem* Action. As such, counsel chose to unreasonably and vexatiously multiply this subsequent litigation, despite the prior result in the *In Rem* Action and even though this action (according to the magistrate) "undeniabl[y]" is related to the disposition of the underlying receivership. (Dkt.#130, pg.25.) Counsel's decision to intentionally file these subsequent related actions other than in the Northern District of Texas in direct contravention and defiance of Judge Lindsey's mandate is, in and of itself, sanctionable under 28 U.S.C. §1927.

5. Moreover, the court may rely on its inherent powers as well as F.R.C.P. 11 and 28 U.S.C. §1927 to grant sanctions as appropriate. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49-50; 111 S. Ct. 2123; 115 L. Ed. 2d 27 (1991). As this court itself has explained, the inherent power to sanction extends even to non-parties who may be beyond the purview of Rule 11 or §1927, but who warrant sanction because they are so closely tied to the litigation. *See* Memorandum Opinion (01/25/17) in Civil Action No. 2:15-CV-1915 (Dkt.#149, pg.47-48), *Iris Connex, LLC. v. Dell, Inc.,* E. D. of Tex., Marshall Div. Accordingly, sanctions are appropriate not just against Associate Recovery's attorneys but also against Associate Recovery and its principal.

6. Sanctions are appropriate because these litigation strategies have already unreasonably consumed and wasted both the courts' and defendants' time and resources, especially by requiring defendants to file motions to transfer in the Associated Recovery cases. At the very least, Lookout respectfully suggests that this court should order reimbursement of Lookout's expense in pursuing transfer, as well as dismissal, of the case. Lookout also respectfully suggests that this court ultimately should fashion an appropriate mandate or prohibition to prevent Associated Recovery, Novo Point, LLC, Jeffrey Baron, or any entities owned or controlled by them, from bringing any more collateral attacks on the sale to Lookout of its domain name rights.

*Lookout, Inc.'s Reply (Jointly) To*
*Plaintiff's and Plaintiff's Counsel's*
*Responses to Defendant's Motion for Sanctions*                                           Page **4** of **6**

    c.  Plaintiff's Procedural Arguments Are Specious

1. Associated Recovery's and its counsel's objections based on this court's local rules are specious. Almost all of their complaints are directed against Lookout's motion to dismiss, not this motion for sanctions. Besides which, Lookout's counsel served a copy of this motion on Associated Recovery's counsel on August 29, 2016, before eventually filing it on January 25, 2017. In that five months' time, Lookout's counsel repeatedly granted requested extensions of time and willingly entertained a number of general proposals by opposing counsel for reaching an otherwise acceptable resolution. But, also in that time, Lookout's counsel never received any single objection to the form or to the content of the motion for sanctions.[1]

## III. Conclusion

For these reasons, Lookout asks the court after notice and a reasonable opportunity to respond to determine that Fed. R. Civ. P. 11(b) and 28 U.S.C. §1927 have been violated by plaintiff's attorneys, their law firms, and plaintiff, Associated Recovery, LLC, itself, as well as any related nonparties, and, thus, to impose an appropriate sanction on each in proportion to the responsibility of each for the violation.

---

[1] Lookout's claim for further affirmative relief of an award of monetary sanctions and an imposition of injunctive sanctions logically succeeds any merits-based determination such as Rule 12(b) dismissal, and it is considered lastly under the court's collateral order jurisdiction. Lookout's Rule 11(b) motion for sanctions in effect actually is more finally case dispositive than the Rule 12(b) motion to dismiss.

*Lookout, Inc.'s Reply (Jointly) To*
*Plaintiff's and Plaintiff's Counsel's*
*Responses to Defendant's Motion for Sanctions*      Page **5** of **6**

          Respectfully submitted,

**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

By: _____
**J. Mark Mann**
State Bar No. 12926150
mark@themannfirm.com
**G. Blake Thompson**
State Bar No. 24042033
blake@themannfirm.com

**ATTORNEYS FOR LOOKOUT, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on February 15, 2017.

_____
**J. Mark Mann**

*Lookout, Inc.'s Reply (Jointly) To*
*Plaintiff's and Plaintiff's Counsel's*
*Responses to Defendant's Motion for Sanctions*      *Page 6 of 6*